

# JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Chevazz Brown
713-752-4548 Direct Dial
(713) 754-6721 Direct Fax
cbrown@jw.com

March 25, 2009

**VIA ELECTRONIC FILING**
Clerk of the Court
United State District Court
Southern District of Texas
Galveston Division
601 Rosenberg, Room 411
Galveston, TX 77550

    Re:    Cause No. _____; *American National Insurance Company, et al v. JPMorgan Chase & Co., and JPMorgan Chase Bank, National Association*; In the United States District Court for the Southern District of Texas, Galveston Division

Dear Clerk of the Court:

    Attached for filing in the above-referenced matter is Defendants' *Notice of Removal*.

    By copy of this letter, together with a copy of the above document, we are notifying counsel for Plaintiffs of the filing of the same.

Sincerely,

Chevazz Brown

5467862v.1

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY, FARM FAMILY LIFE INSURANCE COMPANY, FARM FAMILY CASUALTY INSURANCE COMPANY, PACIFIC PROPERTY AND CASUALTY COMPANY, AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, NATIONAL WESTERN LIFE INSURANCE COMPANY, and GARDEN STATE LIFE INSURANCE COMPANY, <br><br>Plaintiffs, <br><br>vs. <br><br>JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br>Defendants. | CAUSE NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, JPMorgan Chase & Co. ("JPMC & Co.") and JPMorgan Chase Bank, National Association ("JPMC Bank") (collectively the "JPMC Defendants"), file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and shows as follows:

### A.  Introduction

1.  On or about February 16, 2009, Plaintiffs filed suit for alleged damages arising from a Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation and JPMC Bank (the "P&A Agreement") in the 122nd Judicial District Court of Galveston County, Texas, Cause No. 09-CV-0199.

2. JPMC Bank was served with the state court suit on February 24, 2009, and filed its Original Answer, Pleas to the Jurisdiction, Verified Plea and Other Defenses on March 20, 2009. JPMC & Co. challenges personal jurisdiction in the state-court action and has filed its Special Appearance and, subject thereto, its Original Answer, Pleas to the Jurisdiction, and Other Defenses on March 20, 2009.

3. Defendant in Intervention, the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, Henderson, Nevada (the "FDIC-Receiver"), filed its Plea in Intervention as a defendant in the state-court proceeding on March 25, 2009.

4. Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## B. Basis for Removal

### FEDERAL QUESTION

5. Pursuant to 12 U.S.C. § 1819(b)(2)(A), "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). The FDIC-Receiver has a statutory right to remove cases in which it is a party pursuant to 12 U.S.C. § 1819(b)(2)(B). *See Bank One Tex., N.A. v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) (concluding that once the FDIC in its capacity as a receiver intervened in state-court proceeding, the suit was deemed to arise under federal law, and the FDIC had the right to remove the case.) Because FDIC-Receiver is a party, the entire case is deemed to arise under the laws of the United States and thus any party may remove on that basis. *See Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

6. Resolution of Plaintiffs' claims of tortious interference with an existing contract, breach of confidentiality agreement, and unjust enrichment against the JPMC Defendants

depends on application and interpretation of the FDIC's regulatory scheme and administrative framework as set forth in Chapter 16 of Title 12 of the United States Code, 12 U.S.C. §§ 1811 through 1835a. More specifically, Plaintiffs' claims involve the application and interpretation of 12 U.S.C. § 1821 and § 1823.

7. On or about September 25, 2008, by order number 2008-36, the FDIC-Receiver was duly appointed by the Office of Thrift Supervision ("OTS") as Receiver for WMB, pursuant to 12 U.S.C. § 1821(c)(6)(B). Before the receivership, WMB was a savings association that was a subsidiary of Washington Mutual, Inc. Immediately after its appointment as receiver, the FDIC-Receiver sold substantially all of the assets of WMB to JPMC Bank, pursuant to the P&A Agreement.

8. Plaintiffs' allegations revolve entirely around the bidding and award process for the purchase and sale of WMB assets, which culminated in the P&A Agreement, and the precipitating events which caused WMB to be seized and placed into receivership.

9. Plaintiffs specifically complain about: (1) the decision of the OTS to seize WMB and place it in receivership with the FDIC; (2) the receivership process through which the FDIC solicited and accepted bids for the sale of WMB's assets; (3) the decision of the FDIC to enter into the P&A Agreement; and (4) the manner in which the FDIC carried out its statutory-mandated function as receiver of WMB pursuant to 12 U.S.C. § 1819.

10. Not only does resolution of Plaintiffs' claims depend on application of the regulatory scheme and the administrative framework set forth in the Federal Deposit Insurance Act and the Financial Institutions Reform, Recovery and Enforcement Act of 1989, but federal law occupies the entire field of federal receivership proceedings under 12 U.S.C. § 1819 and thus completely preempts any claim which relates to or arises out of acts or omissions of the FDIC.

## DIVERSITY

11. Additionally, Defendants properly remove this suit pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional minimum and complete diversity exists but for Plaintiffs' improperly pleaded jurisdictional facts. JPMC Bank, as designated in its articles of association and organization certificate, is a national banking association chartered under the laws of the United States with its main office in the State of Ohio. Hence, it is an Ohio citizen. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (a banking association is considered a citizen of the state where its main office is located as provided in its articles of association).

12. JPMC & Co., a separate and independent entity from JPMC Bank, is not subject to the personal jurisdiction of a Texas state court and thus is not a proper party to this suit.[1] There is no reasonable basis for believing that Plaintiffs could recover from JPMC & Co. in state court. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) (discussing fraudulent joinder doctrine).

### C. Miscellaneous

13. Copies of all pleadings, process, orders and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

14. The JPMC Defendants contend in their respective Answers that venue is not proper and intend to move for a transfer to a court of proper venue.

15. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

### D.  Conclusion

FOR THESE REASONS, the JPMC Defendants hereby remove the suit to the United States District Court for the Southern District of Texas, Galveston Division.

Respectfully submitted,

By: *(signature)* Glen M. Boudreaux
Glen M. Boudreaux
State Bar No. 02696500
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
(713) 752-4200
(713) 752-4221 - Fax
Email: gboudreaux@jw.com

ATTORNEY FOR DEFENDANTS
JPMORGAN CHASE & CO., AND
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION.

OF COUNSEL:

Maryellen Shea
State Bar No.00793948
Chevazz Brown
State Bar No. 24059498
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
(713) 752-4200
(713) 752-4221 - Fax
mshea@jw.com
cbrown@jw.com

---

[1] JPMC & Co. has filed a Special Appearance with the state court challenging the court's personal jurisdiction over it. *See* TEX. R. CIV. P. 120a (allows a nonresident defendant to challenge the court's personal jurisdiction over the defendant without becoming subject to the jurisdiction of the Texas courts).

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of March, 2009, a true and correct copy of the foregoing document was served via certified mail, return receipt requested, upon: Mr. Andrew J. Mytelka, Greer, Hertz & Adams, L.L.P., One Moody Plaza, 18th Floor, Galveston, Texas 77550, Telephone: (409) 797-3200, Facsimile: (409) 766-6424. Mr. Jack O'Neill and Ms. Jessie A. Amos, DLA Piper US LLP, Chase Tower, 600 Travis Street, Suite 1700, Houston, Texas 77002-3009, and Mr. Aaron G. Fountain, DLA Piper US LLP, 1221 South MoPac Expressway, Suite 400, Austin, Texas 78746-7650.

*Glen M. Boudreaux*
Glen M. Boudreaux