UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br>        Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br>        Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:09-CV-00044 |

## PLAINTIFFS' MOTION FOR REMAND

Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 1476700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082

GREER, HERZ & ADAMS, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................iii

INTRODUCTION .................................................................................................1

BACKGROUND ..................................................................................................3

DISCUSSION ....................................................................................................4

The FDIC's Intervention Should be Dismissed as it Has No Proper
Purpose Other than to Manipulate Federal Jurisdiction and Venue .........................5

As a Jurisdictional Event, the FDIC's Intervention Must Show a Clear
and Manifest Intention to Overcome the Strong Interest of the
State of Texas in This Case...........................................................................8

The FDIC Fails to Meet the Rule 24 Requirements ...................................................9

Plaintiffs' Claims Against Third-Party Assignees of Assets Formerly
Held by the FDIC Fall Outside the Scope of Adjudication Under FIRREA .............11

The FDIC Has Already Determined That Claims to the WMB
Receivership Arising Out of Conduct of These Defendants Are Not
Susceptible to Resolution Through the Claims Procedure .........................................13

Disposition of the Plaintiffs' Claims Against the Defendants Will Not
Harm the FDIC or Any Supposed Interest of the FDIC ...........................................14

Existing Parties Adequately Represent Any Supposed Interest of the FDIC ...........17

Other Than Causing Delay or Creating Jurisdiction or Venue Elsewhere,
There is a Notable Absence of Grounds to Allow a Permissive Intervention ...........18

No Federal Question Jurisdiction Exists Where the FDIC
Is Dismissed as a Party ................................................................................18

No Federal Question Exists On The Face Of the Plaintiffs' Petition
Relating to the FDIC's Regulatory Scheme or Administrative Framework..............18

No Federal Question Exists On Grounds Of Preemption by FIRREA Over
State Court Lawsuits Against Private Individuals Who Purchase Assets
From An FDIC Receivership ...........................................................................21

In the Alternative, the Court Has the Discretion to Sever the FDIC's
Purported Claims or Defenses and to Remand the Plaintiffs'
State Law Causes of Action ...................................................................................22

No Diversity Jurisdiction Exists ...........................................................................23

    a.    Plaintiffs Farm Family Life Insurance Company and Farm
           Family Casualty Insurance Company are New York Citizens ..........23

    b.    Defendant JPMorgan Chase, NA is a New York Citizen .................24

    c.    Defendant JPMorgan Chase, & Co. is a New York
           Citizen ..........................................................................................24

CONCLUSION        ........................................................................................25

PRAYER        ........................................................................................26

**TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                              <u>PAGE(S)</u>

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)..................................................19

*Allied Elevator, Inc. v. East Texas State Bank*, 965 F.2d 34, 36 (5th Cir. 1992)..................22, 23

*American First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259 (11th Cir. 1999)...............12

*Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003)........................................22

*Armstrong v. Capshaw, Goss & Bowers, L.L.P.*, 404 F.3d 933 (5th Cir. 2005).........................10

*Bank One v. Elms*, 764 F.Supp. 85 (N.D. Tex. 1991)..............................................6, 8, 10, 17, 18

*Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003) ..........................................22

*Bernhard v. Whitney National Bank*, 523 F.3d 546 (5th Cir. 2008)...................................14, 22

*BFP v. Resolution Trust Corp*, 511 U.S. 531 (1994) ...............................................9

*Breathwit v. City of Terrell Civil Service Commission,*
    2001 U.S. Dist. Lexis 20111 (S.D. Tex. 2001)..............................................5

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)................................................19

*Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003) ......................24, 26

*Clinton v. Hueston*, 308 F.2d 908 (5th Cir. 1962) ................................................4

*FDIC v. McFarland*, 243 F.3d 876 (5th Cir. 2001) .................................................12

*Frank v. Bear Stearns & Co.*, 128 F.3d 919 (5th Cir. 1997) ........................................20

*Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327 (5th Cir. 2004) .............................25

*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. Tex. 2007) ......................24, 25

*Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008)................................................19, 22

*Harrison v. Prather*, 404 F.2d 267 (5th Cir.1968).................................................23

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002)....................9

*Heimann v. Nat. Elevator Indus. Pension Fund*, 187 F.3d 493 (5th Cir. 1999) ........................22

*Henderson v. Bank of New England*, 986 F.2d 319 (9th Cir. 1993) ..............................................13

*Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir. Cal. 2007)
    cert. den. 128 S. Ct. 647 (2007). ...................................................................................12, 13

*Hickey v. NCNB Texas Nat. Bank*, 763 F. Supp. 896 (N.D. Tex. 1991).......................................5

*Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995) .....................................................................15

*Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003) ........................................................19

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ..........................................................21

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .....................................................................24

*Kidd  v. Southwest Airlines Co.*, 891 F.2d 540 (5th Cir. 1990) ......................................................5

*Maguno v. Prudential Property and Casualty Insurance Company*,
    276 F.3d 720 (5th Cir. 2002) .................................................................................................24

*Mastercard Int'l, Inc. v Visa Int'l Serv. Ass'n*, 471 F3d 377 (2d Cir. 2006).................................16

*Maurice Pierce & Associates, Inc. v. Computerage, Inc.*,
    608 F. Supp. 173 (N.D. Tex., 1985) ....................................................................................25

*McLaughlin v. Mississippi Power Co.*, 376 F.3d 344 (5th Cir 2004).............................................23

*Merrell Dow Pharms. v. Thompson*, 478 U.S. 804 (1986) ..........................................................20

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) ...........................................................19

*Nat'l Union Fire Ins. v. City Sav.*, 28 F.3d 376 (3d Cir. 1994).....................................................12

*PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163  (Tex. 2006) ..............................25

*RDG Ltd. P'ship v. Gexa Corp.*, 2005 Tex. App. LEXIS 3123
    (Tex. App.—Houston [14th Dist.] 2005) .............................................................................15

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*,
    725 F.2d 871 (2d Cir. 1984).....................................................................................................7

*Richter v. Wagner Oil Co.*, 90 S.W.3d 890 (Tex. App.—San Antonio 2002)...........................15

*RTC v. Midwest Fed. Sav. Bank*, 36 F.3d 785 (9th Cir. 1993).....................................................12

*Storms v. Tuck*, 579 S.W.2d 447 (Tex. 1979) ................................................24

*Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*,
    2008 U.S. Dist. LEXIS 17945 (S.D. Tex., Mar. 7, 2008) ............................25

*Team Bank v. Barfield*, 145 F.R.D. 69 (N.D. Tex. 1992) ....................................2, 5, 7, 8, 9, 18

*Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex. 1996) ................................15

*United States v. Gaubert*, 499 U.S. 315 (1991) ........................................17

*Wachovia Bank, Nat. Ass'n v. Schmidt*, 546 U.S. 303 (2006) ....................................23

*Washington Mutual, Inc. et al v. Federal Deposit Insurance Corporation*
    *in its capacity as receiver for Washington Mutual Bank*,
    Case No. 1:09-CV-00533, (U.S. Dist. Ct. D.C., March 20, 2009) ...............14

*Williams v. Edcare Mgmt.*, 2008 U.S. Dist. LEXIS 87351 (E.D. Tex. Oct. 28, 2008)..............19

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) ............................................5

## **STATUTES**                                         **PAGE**

12 U.S.C. § 1447 ................................................................................4

12 U.S.C. § 1813 ................................................................................10

12 U.S.C. § 1819 ................................................................................5, 7, 8, 18

12 U.S.C. § 1821 ................................................................................9, 10, 11, 12, 13, 14

28 U.S.C. § 1332 ................................................................................23

28 U.S.C. § 1441 ................................................................................19

42 U.S.C. § 1395 ................................................................................19, 20

Pub. L. No. 101-73, 103 Stat. 183 (1989)................................................8

Texas Business Corporation Act, art. 8.02 ................................................25

Texas Business Corporation Act, art. 8.05 ................................................25

Texas Business Corporation Act, art. 8.10 ................................................24, 25

**<u>RULES</u>**                                                                 **<u>PAGE</u>**

Federal Rule of Civil Procedure 19 ......................................................................16, 17

Federal Rule of Civil Procedure 21 ........................................................................4, 22

Federal Rule of Civil Procedure 24 ...............................................1, 4, 6, 10, 17, 28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE | § | |
| COMPANY, et al, | § | |
|     Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3:09-CV- |
| 00044 | | |
| vs. | § | |
| | § | |
| JPMORGAN CHASE & CO., et al. | § | |
|     Defendants | § | |

## PLAINTIFFS' MOTION FOR REMAND

Plaintiffs, American National Insurance Company, et al. ("Plaintiffs"), pursuant to 28 U.S.C. § 1447(c), move for remand of this action to the 122nd Judicial District Court of Galveston County, Texas. No subject matter or diversity jurisdiction exists. The FDIC, as receiver for Washington Mutual Bank, Henderson, Nevada has improperly intervened in this case and fails to meet the requirements of Federal Rule of Civil Procedure 24. The FDIC should be dismissed as a party. Absent the presence of the interloper-FDIC, the removing parties fail to meet their burden of establishing federal subject matter jurisdiction.

## INTRODUCTION

Plaintiffs' sue JPMorgan Chase & Co. and JPMorgan Chase Bank, National Association (collectively "Defendants"), because Defendants harmed the Plaintiffs. Contrary to the misstatements of the FDIC and Defendants, Plaintiffs do not "seek damages allegedly arising from the sale of assets of Washington Mutual Bank ("WMB") to JPMC Bank pursuant to a Purchase and Assumption Agreement, Whole Bank (the P&A Agreement"), dated September 25, 2008, between the FDIC-Receiver and JPMC Bank." See FDIC Notice of Removal, ¶ 1. Rather,

1

Plaintiffs sue Defendants because, among other things, Defendants purposefully and tortiously created a situation wherein the FDIC would have to sell WMB to them at an unreasonably low price. Plaintiffs seek nothing from the FDIC in this case. Presumably pressed by Defendants, the FDIC has joined in this action solely to lure the Court into a federal question snare. However, Courts have previously uncovered this practice by the FDIC in the past and appropriately refused to be led down that path. *See Team Bank infra* and *Bank One infra.*

Plaintiffs brought this action in the District Court of Galveston County, Texas, against Defendant

s, asserting state law claims of (1) Tortious Interference with Existing Contract, (2) Breach of Confidentiality Agreement, and (3) Unjust Enrichment. None of the claims is based on the FDIC as receiver for WMB. Plaintiffs assert no claim against the FDIC, nor do the Plaintiffs assert any claim based on federal law or where a defense based on federal law applies. Furthermore, Plaintiffs have no intention of making any claim against the FDIC in this action.

The FDIC has no authority to adjudicate independent claims (such as those in this lawsuit) asserted against third parties that are not susceptible to the receivership claims process. Furthermore, the FDIC has no statutory or contractual power to immunize a purchaser in a Purchase and Assumption agreement from liability for its own independently tortious acts, especially where, as in this case, the acts were committed before the receivership was instituted. The FDIC's purported intervention is clearly an improper attempt to deny the Plaintiffs their right to have their claims considered in a state court in Texas and to cast a cloak of purported governmental immunity over Defendants. The FDIC's attempt exceeds the power and authority granted to it by Congress.

2

The FDIC has no legitimate interest in this case. No grounds presented warrant intervention. Without the FDIC's improper presence in this lawsuit, no grounds exist to assert federal jurisdiction and the case should be remanded to the forum where it belongs, the District Court of Galveston County, State of Texas.

## BACKGROUND

The operative facts of the lawsuit concern Defendants' conduct with respect to the government seizure of WMB and the sale of WMB's valuable assets—but not the liabilities—to Defendants out of the FDIC's receivership. As the Plaintiffs' state:

> "In September of 2008, motivated by greed and unrestrained by moral or legal boundaries, the Defendants exploited a perceived liquidity crisis in the banking industry to improperly and illegally take advantage of the financial difficulties of Washington Mutual Inc. ("WMI"), the nation's largest savings and loan association."

*See* Original Petition, ¶ 20.

Defendants designed and executed an illegal scheme to obtain the valuable assets of WMB through the FDIC receivership, stripped of the contract rights of bondholders and the property rights of equity holders, at a price far below fair value. Plaintiffs summarize Defendants wrongful conduct:

> JPMC's scheme to strip away Washington Mutual's value from its stakeholders involved, among other things, misusing access to government regulators to gain non-public information in order to gain a competitive advantage and wrongfully influence government policy and actions. In addition, JPMC deceptively gained access to Washington Mutual's confidential financial records through the use of "plants" and "moles" engaged in corporate espionage at Washington Mutual. JPMC misused the wrongfully obtained confidential information of Washington Mutual to bargain and work with federal regulators for the seizure and sale of Washington Mutual's assets. JPMC leaked false and harmful information to news media, which incited depositors to make withdrawals from their Washington Mutual accounts. JPMC obstructed Washington Mutual's efforts to sell itself in a fair bidding process.

Original Petition, ¶ 32. Because of the seizure and sale, the Plaintiffs' property rights related to their common stock in WMI and the contract rights relating to their bond holdings in WMI and/or WMB were destroyed. *See* Plaintiffs' Original Petition, ¶¶70, 71.

Defendants responded to American National's Petition by filing a special appearance (by Defendant JPMorgan Chase & Co.), answers, pleas to the jurisdiction and other defenses (by both Defendants). Subsequently, the FDIC, as receiver for WMB, filed a plea in intervention in the Galveston County District Court. Immediately thereafter, before Plaintiffs had an opportunity to respond to and oppose the purported intervention, the FDIC removed the case to federal court. The FDIC now pretends that it is a defendant, despite the fact that no claim has been asserted against it and despite the fact that its plea in intervention is facially deficient. Defendants then filed a Notice of Removal of their own. The FDIC subsequently filed a motion to transfer venue away from this district. Plaintiffs oppose the FDIC's motion.

## DISCUSSION

Plaintiffs are entitled to a remand of this action to state court. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 12 U.S.C. § 1447(c). The FDIC and Defendants removed this action on March 25, 2009. Moreover, because the defect is one of standing and federal subject matter jurisdiction, the motion may be brought at any time. 12 U.S.C. § 1447, commentary on 1988 revision.

Several defects require remand. The FDIC fails to establish grounds to intervene pursuant to Federal Rule of Civil Procedure 24 and no federal question exists relating to the administration of FIRREA by the FDIC. The FDIC should therefore be dismissed as a party to this lawsuit pursuant to Rule 21 ("On motion or on its own, the court may at any time, on just

4

terms, add or drop a party."). In addition, Defendants fail to show diversity.

Defendants and the FDIC, as the parties seeking to invoke the jurisdiction of the federal court in a removal case, must carry the burden of showing that the case is capable of being removed. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 543 (5th Cir. 1990). In determining whether remand is appropriate, "if any presumption exists, it is that a case is outside federal jurisdiction." *Clinton v. Hueston*, 308 F.2d 908, 910 (5th Cir. 1962). Any ambiguities, are generally construed against removal. *See, e.g., Breathwit v. City of Terrell Civil Service Commission*, 2001 U.S. Dist. Lexis 20111 at *3 (N.D. Tex. December 5, 2001).

### The FDIC Should be Dismissed as its Intervention Has No Proper Purpose Other than to Manipulate Federal Jurisdiction and Venue

As aptly expressed by United States District Judge John McBryde of the Northern District of Texas 17 years ago, "[t]his is another case in which Federal Deposit Insurance Corporation, as an intervenor in its capacity as receiver for a failed bank, has made questionable use of its power of removal." *Team Bank v. Barfield*, 145 F.R.D. 69, 70 (N.D. Tex. 1992). The instant case is like other cases in which the FDIC's overstepping of its statutory authority offends judicial recognition of the importance of state authority over matters of state law:

> "FDIC-Receiver's motion typifies the bizarre nature of its involvement in this action from the outset. No one has ever made a claim against FDIC-Receiver in this action, yet it voluntarily injected itself 'as a party defendant,' through a plea in intervention, in the action while it was pending in state court. . . . A review of the file discloses that the only possible explanation for the intervention was to use on behalf of the existing defendants—and, in the court's view, to abuse—the power of removal granted to FDIC-Receiver by Congress by 12 U.S.C. § 1819(b)(2)(B)."

*Hickey v. NCNB Texas Nat. Bank*, 763 F. Supp. 896, 897 (N.D. Tex. 1991).

*Bank One v. Elms*, 764 F.Supp. 85 (N.D. Tex. 1991), like the instant case, involved another "instance of questionable use by [FDIC] . . . of the special removal power granted to it by Congress." *Id.* at 86. In *Bank One*, a bank acquired a promissory note from an FDIC receivership and later filed suit in Texas state court case to enforce the note. The defendant counterclaimed, seeking damages that allegedly arose out of the conduct of the failed bank. The FDIC intervened in the state court case and removed the case to federal court two days later.

The Court noted at the outset of its analysis, "[i]f the court concludes that substantively the intervention is improper, the court has the power, *sua sponte*, to strike or dismiss the intervention." *Id.* at 89. The Court applied the criteria set out of Federal Rule of Civil Procedure 24, found no grounds for the intervention, and dismissed the FDIC. *Id.* at 90. Upon dismissal of the FDIC, the Court no longer had subject matter jurisdiction, and therefore remanded the case to state court. *Id.*

The Court remarked that the FDIC's intervention "made no legal sense and was frivolous," and "had no purpose in this action other than to provide a vehicle for removal of the action from the state court to this court" *Id.* at 88. The Court found that the FDIC's interest relating to the property or transaction that is the subject matter of the action, which consisted of an indemnification obligation, "is so slight that it is insubstantial." *Id.* at 89. The Court noted that the potential for the indemnity obligation was low. In addition, the Court reasoned that the indemnity obligation was contingent, and because it was not a direct interest, it was insufficient to warrant intervention under Rule 24(a)(2). *Id.* The Court further reasoned that if the FDIC was dismissed from the case, any judgment against the remaining defendants would not be binding on the FDIC, and therefore the disposition of the action would not harm the FDIC's interests. *Id.*

In *Team Bank v. Barfield*, 145 F.R.D. 69 (N.D. Tex. 1992), a bank brought a state court action against debtors to collect on promissory notes that the bank had acquired from the FDIC as receiver for a failed bank. The FDIC intervened when the defendants asserted a counterclaim against the plaintiff, arguing that the counterclaim was based on the conduct of the failed bank that had been put into receivership. The FDIC claimed that the "FDIC-Receiver retained liability for those claims pursuant to the Purchase and Assumption Agreement, and thus, is a real party in interest in this litigation and is entitled to intervene." *Id*. at 71. The FDIC then removed the case to federal court based on 12 U.S.C. § 1819(b)(2).

The Court concluded that the FDIC had no justification to intervene under Fed. R. Civ. P. 24, either as of right or by permission. The Court dismissed the FDIC from the case, and remanded the case to the state court.

The Court's reasoning aptly fits the instant case:

"FDIC has no substantial interest in this action. No claim is being made against it. There is nothing in the record to indicate that [the transferee bank] can be held liable for any claim as to which FDIC/receiver would have ultimate liability. Nor is there any indication that FDIC/receiver is so situated that the disposition of this action may as a practical matter impair or impede its opportunity to protect its interests, if any it has, in the property or transactions which are the subject of the action. There is no statute of the United States that confers on FDIC/receiver an unconditional right to intervene."

145 F.R.D. at 72. In addition, the Court stated:

"FDIC/receiver is an interloper in this action, with nothing substantial to gain for itself by its presence. Its presence as a party to this action accomplishes nothing other than to cause delay, to consume judicial time, to interfere with the adjudication of the rights of the other parties to the action, and to generate, unnecessarily, significant legal expense, FDIC's part of which would be borne ultimately by the tax-paying public."

*Id*.

7

In the instant case, no claim is asserted or threatened against the FDIC in this action. No judgment in this action will have any binding effect against the FDIC in any other action. Any potential indemnity liability is contingent and cannot support intervention. *Cf. Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 875 (2d Cir. 1984) (insurer's interest in potential liability for damages of its insured in a products liability case was a contingent liability that failed to amount to an "interest relating to the property or transaction which is the subject of the action" so as to warrant intervention). Furthermore, The FDIC has no interest in the application of the claims administration process of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")[1] to this case—a case that is not a "claim" against the failed bank. As is discussed below, FIRREA does not apply to causes of action that are brought against an assignee of an asset formerly held by the FDIC and which does not seek assets of the FDIC receivership. Any "interest" that the FDIC may have is speculative and/or illegitimate, and cannot support intervention under the Federal Rules of Civil Procedure. As in *Bank One* and *Team Bank*, the FDIC has nothing substantial to gain for itself by its presence other than obtaining federal jurisdiction for the benefit of its assignee.

### As a Jurisdictional Event, the FDIC's Intervention Must Show a Clear and Manifest Intention to Overcome the Strong Interest of the State of Texas in This Case

The FDIC intervened in order to deny Plaintiffs the opportunity to have their claims tried in a state court of Texas. *See* FDIC's Plea in Intervention, ¶¶ 6, 7; FDIC's Notice of Removal, ¶¶ 7, 8; Motion of Intervenor-Defendant FDIC-Receiver to Transfer Venue or Dismiss for Improper Venue ¶ 7-8. *See* 12 U.S.C. § 1819(b)(2)(B) (". . . the [FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States District Court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed

---

[1] Pub. L. No. 101-73, 103 Stat. 183 (1989)

against the [FDIC] or the [FDIC] is substituted as a party.").

As such, the FDIC's attempt to intervene has jurisdictional significance.  The procedural rules and statutes relating to intervention in this case must therefore be narrowly construed and applied in accordance with the policies that limit unwarranted extension of federal court jurisdiction over state court claims.  *See Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 421 (5th Cir. 2002)(noting the jurisdictional significance of the FDIC's motion to intervene).  In order to displace traditional state regulation of a traditional state function, "the federal statutory purpose must be clear and manifest."  *BFP v. Resolution Trust Corp*, 511 U.S. 531, 544 (1994)(applying federal bankruptcy jurisdiction to state foreclosure action).

By these standards, the FDIC's Plea in Intervention fails to establish any grounds, let alone "clear and manifest" grounds for intervention and removal.  *See, eg, Team Bank v. Barfield*, 145 F.R.D. at 70 (N.D. Tex. 1992) (FDIC failed to show interest in case involving property that was transferred out of the FDIC receivership).

## The FDIC Fails to Meet the Rule 24 Requirements

The FDIC's Plea in Intervention is only four paragraphs, but manages to misstate the nature of the Plaintiffs' claims and the law applicable to those claims.  In no way are sufficient grounds stated to warrant intervention by mandate or on a permissive basis.  The FDIC alleges:

- The FDIC was appointed receiver for WMB and sold "substantially all of the assets of WMB to JP Morgan Chase Bank, National Association" (FDIC's Plea in Intervention, ¶¶ 1-2).

- "The alleged loss of value of their WMB bonds is a central element of all of the counts alleged in the Petition"[2] (FDIC's Plea in Intervention, ¶ 3).

- Therefore, "Plaintiffs' sole and exclusive remedy for these claims is to assert a claim against the FDIC-Receiver in the manner provided for under 12 U.S.C. § 1821(d)(5) and jurisdiction does not lie in any court to proceed on such claims without first exhausting

---

[2] The FDIC conveniently ignores  losses based on Plaintiffs' Washington Mutual, Inc. bonds and common stock.

9

such administrative remedies. . . . [Plaintiffs' action] "constitutes an impermissible attempt to circumvent the receivership claims process." (FDIC's Plea in Intervention, ¶ 4). In support of its assertion, the FDIC cites 12 U.S.C. § 1821(d)(13)(D) and directs the court to *see* also 12 U.S.C. § 1821(j).

The FDIC's attempt to intervene must meet the requirements of Federal Rule of Civil Procedure 24. *See Armstrong v. Capshaw, Goss & Bowers, L.L.P.*, 404 F.3d 933, 936-37 (5th Cir. 2005)(following the FDIC's intervention in Texas state court and removal to federal court, the propriety of intervention was judged by federal standards of Federal Rule of Civil Procedure 24). Rule 24(a)(1) and (b)(1)(A), which provide for intervention in cases where a federal statute grants a right to intervene, do not apply to this case. *See Bank One v. Elms*, 764 F.Supp. at 89 ("[t]here is not statute of the United States that confers an unconditional right on FDIC to intervene in this action").

Rule 24(a)(2), concerning intervention of right, permits intervention under the following circumstances:

> "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*Armstrong*, 404 F.3d at 937. Permissive intervention can be granted where an intervenor "has a claim or defense that shares with the main action a common question of law or fact," or, in the case of a government agency, "a party's claim or defense is based on . . . a statute . . . administered by the . . . agency." Rule 24(b)(1)(B), (2)(A). Delay and prejudice to the Plaintiffs' must be considered. Rule 24(b)(3). As is discussed below, no ground for intervention exists in this case.

**Plaintiffs' Claims Against Third-Party Assignees of Assets Formerly Held by the FDIC Fall Outside the Scope of Adjudication Under FIRREA**

The crux of the FDIC's intervention argument is a purposefully erroneous assertion that Plaintiffs' causes of action against Defendants are "claims" that are subject to the FIRREA receivership claims administration process set forth in 12 U.S.C. § 1821(d)(3)-(d)(11). Contrary to the FDIC's argument, the FIRREA statutory framework does not apply to lawsuits that are brought against an assignee of an asset formerly held by the FDIC and which do not seek assets of the receivership. The FDIC receiver has no authority to administer the claims made by the Plaintiffs.

Under the Federal Deposit Insurance Act ("FDIA"), as amended by FIRREA, the FDIC is permitted to act as receiver "for the purpose of liquidation or winding up the affairs of an insured Federal depository institution or District bank . . . 12 U.S.C. § 1821(c)(2)(A)(ii). As part of this authority, the FDIC may determine claims of creditors or any claimant pursuant to the claims procedure of FIRREA, as set forth in § 1821(d)(3)-(d)(11). *See* 12 U.S.C. § 1821(c)(1) (appointment to act as receiver), (d)(3)(A)(FDIC-receiver may determine claims), (d)(3)(B) (FDIC-receiver must give notice to creditors). If a claim is subject to FIRREA, it must be pursued through the administrative claims process of § 1821(d)(3)-(d)(11). If a claimant does not exhaust the administrative claims procedure, then 12 U.S.C. § 1821(d)(13)(D), will preclude further judicial review.[3] In addition, 12 U.S.C. § 1821(j) provides that ". . . no court may take any action . . . by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver."

_____

[3] 12 U.S.C. § 1821(d)(13)(D) provides: "Except as other wise provided in this subsection, no court shall have jurisdiction over—
    (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver; or
    (ii) any claim relating to any act or omission of such institution or the Corporation as receiver."

11

Although the term "claims" is not defined in FIRREA, the FIRREA claims procedure is construed to cover only "claimants to assets in possession of the FDIC." *FDIC v. McFarland*, 243 F.3d 876, 887 (5th Cir. 2001)("The claims procedures articulated in 12 U.S.C. § 1821(d)(5)-(11) are predicated on the FDIC's possession of the property in question.   When the FDIC relinquishes ownership, the procedures governing its role as a receiver no longer apply to the property."); *See also Nat'l Union Fire Ins. v. City Sav.*, 28 F.3d 376, 393 (3d Cir. 1994); *RTC v. Midwest Fed. Sav. Bank*, 36 F.3d 785, 791 (9th Cir. 1993)). As described in *American First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999), "claims" that are subject to the exhaustion of remedies requirement under FIRREA are the following:

> "(1) claims for payment from assets of any depository institution for which the [FDIC] has been appointed Receiver;
> (2) actions for payment from assets of such depository institutions;
> (3) actions seeking a determination of rights with respect to the assets of such depository institutions;  and
>  (4) a claim relating to any act or omission of such institution or the [FDIC] as receiver."

No such claims are asserted in this lawsuit.

The FDIC, itself, advanced this limited construction of FIRREA to the United States Supreme Court two years ago in *Henrichs v. Valley View Development*.[4]   In its Brief in Opposition to Writ of Certiorari, the FDIC pointed out that the jurisdictional provisions of FIRREA,[5] "do not apply to suits . . . that are brought, not against the FDIC, but against an assignee of an asset formerly held by the FDIC." *FDIC Henrichs Brief*, at 6, (attached as Exhibit A).  In addition, the FDIC argued to the Supreme Court that "Section 1821(j) limits only a court's

---

[4] See Brief for the Federal Deposit Insurance Corporation in Opposition to Petition for Writ of Certiorari, *Henrichs v. Valley View Development*, No. 07-76, U.S. Supreme Court ("FDIC *Henrichs* Brief"), attached as Exhibit A  and also available at the United States Department of Justice website at http://www.usdoj.gov/osg/briefs/2007/0responses/2007-0076.resp.html.  See *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir. Cal. 2007) cert. den. 128 S. Ct. 647 (2007).
[5] 12 U.S.C. §§ 1821(d)(13)(D) and (j),

12

authority to award relief against the FDIC itself.  A court does not take action 'to restrain or affect the exercise' of the FDIC's powers unless it awards relief against the FDIC." *Id.*, at 6-7.

The decision the FDIC argued to uphold in *Henrichs* was that neither 12 U.S.C. §§ 1821(d)(13)(D) nor 1821(j) prevent a state court adjudication of rights to distributed assets of a receivership bank.  As stated by the Ninth Circuit Court of Appeals, "the FDIC was neither a party to the state court lawsuit nor did it retain an interest in the previously assigned note" and "the statute does not reach assignees of assets once owned by the FDIC."  *Henrichs*, 474 F.3d at 614-15.  In so holding, the Court rejected the argument that the state claims "affected FDIC interests because the FDIC was the receiver of the assets of [the failed bank], and the FDIC in turn assigned the note to [the appellant]."  *Henrichs*, 474 F.3d at 614.

In the instant case, Plaintiffs' claims are not subject to the FIRREA administrative claims process because the claims are not against the FDIC or WMB, nor do they seek any assets of the WMB receivership estate.  The claims are only against an assignee of the FDIC receiver, based on the assignee's own misconduct prior to the assignment.  To use the FDIC's own words, because Plaintiffs' claims are against a "private party who holds an asset that was once held by an FDIC receivership...there is no administrative claims procedure to exhaust, because that procedure governs only claims against the FDIC receivership." *FDIC Henrichs Brief*, at 7-8 (The claims are therefore not "susceptible of resolution through the claims procedure")(citing *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993)).

**The FDIC Has Already Determined That Claims to the WMB Receivership Arising Out of Conduct of These Defendants Are Not Susceptible to Resolution Through the Claims Procedure**

The FDIC has already concluded that claims upon the WMB receivership based on

conduct of these Defendants are not susceptible to resolution through the claims process.[6] Previously, Washington Mutual, Inc. ("WMI"), the parent corporation to WMB, filed a number of proofs of claims with the FDIC's WMB receivership, including, relevant to this case:

- "Improper Asset Sales" to Defendants;

- "Deposit Claim," based on deposit accounts being held by Defendants; and

- "Administrative Claims," based on Defendants' decision to exclude certain contracts from the Purchase and Assumption Agreement between it and the FDIC.

The FDIC denied all of WMI's claims on January 23, 2009.  In its letter denying WMI's claims, the FDIC offered one paragraph to explain its denial:

> The claims presented are unproven to the satisfaction to the Receiver since they lack sufficient documentation or specificity, they fail to state claims against the receivership, they appear to assert claims against a third party or there is no legal basis for the claims.  Equity claims are paid in accordance with 12 U.S.C. sec. 1821(d)(11).

See Exhibit B, Exhibit 2. Although the FDIC's statement fails to explain its reasoning with specificity, it is clear that the FDIC considers "claims against a third party" and claims that are not stated "against the receivership" are likewise not susceptible of resolution through the claims procedure.

### Disposition of the Plaintiffs' Claims Against the Defendants Will Not Harm the FDIC or Any Supposed Interest of the FDIC

As noted above, Plaintiffs assert valid claims against Defendants—not the FDIC or WMB or WMI—based on Texas state law.[7]  Plaintiffs assert the following causes of actions: tortious interference with contract (Plaintiffs' Original Petition, ¶¶88-93), breach of confidentiality

---

[6] See Complaint, *Washington Mutual, Inc. et al v. Federal Deposit Insurance Corporation in its capacity as receiver for Washington Mutual Bank*, Case No. 1:09-CV-00533, (U.S. Dist. Ct. D.C., March 20, 2009) ("WMI's Complaint"), attached as Exhibit B.

[7] See *Bernhard v. Whitney National Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available") (cite omitted).

14

agreement (Plaintiffs' Original Petition, ¶¶94-99), and unjust enrichment (Plaintiffs' Original Petition, ¶¶100-103). These claims are well established under Texas law, and all necessary parties were named in the Plaintiffs' state court pleading. The FDIC, as receiver for WMB, is not a necessary party to any of Plaintiffs' causes of action.

In Texas, the elements of a tortious interference with contract claim are: (1) a valid contract; (2) the defendant willfully and intentionally interfered with the contract; (3) the interference was the proximate cause of injury; and (4) there was actual damage or loss. *See Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996); *Holloway v. Skinner*, 898 S.W.2d 793, 795, (Tex. 1995). As the Texas Supreme Court stated in *Holloway*:

> "By definition, the person who induces the breach cannot be a contracting party. Were we to recognize the tortious interference claim when this identity of interest exists, any party who breaches a contract could be said to have induced his own breach and would therefore be liable for tortious interference. Such logic would convert every breach of contract claim into a tort claim."

*Holloway*, 898 S.W.2d at 795. A necessary corollary to the Court's logic applies to the instant case—a tortious interference case, brought against a stranger to the underlying contract, is separate and independent to a contract claim for breach of contract.

Plaintiffs' breach of confidentiality agreement claim is based on an agreement that was formed and breached prior to the date when the FDIC's WMB receivership was formed. Similarly, the unjust enrichment claim is based on the equitable principle that Defendants should not profit from their unlawful and inequitable conduct, which occurred prior to the transfer of WMB assets. The elements of these causes of action, and proof thereof, are distinct from any claim that Plaintiffs could assert against WMB or the FDIC as receiver for WMB. *See Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002) (breach of confidentiality agreement); *RDG Ltd. P'ship v. Gexa Corp.*, 2005 Tex. App. LEXIS 3123, *9-10 (Tex. App.—

Houston 14th Dist. Apr. 26, 2005) (unjust enrichment).  Thus, it is evident that Plaintiffs' claims against Defendants are independent and distinct from any claim that may have been asserted against WMB or the FDIC as receiver.  The FDIC is not a necessary party to any of Plaintiffs' causes of action.

Furthermore, the FDIC does not have interest based on the P&A Agreement between it and Defendants, which effected the transfer of WMB assets to Defendants.  Nowhere in the Plaintiffs' lawsuit or any element of their causes of action asserted do the Plaintiffs seek or require an interpretation of the agreement.  Nor do Plaintiffs seek any property transferred by the agreement.  Plaintiffs, for their damages, seek compensation from Defendants, not any particular property or funds from a particular source.

The *MasterCard Int'l, Inc. v Visa Int'l Serv. Ass'n* 471 F3d 377 (2d Cir. 2006) decision is illustrative.  In *MasterCard*, the plaintiff sued a sports league for breach of an exclusive sponsorship contract.  The plaintiff alleged that the league had violated the contract by granting sponsorship rights to a competitor.  The competitor sought to dismiss the lawsuit, claiming that it was a "necessary party" pursuant to Federal Rule of Civil Procedure 19, and alternatively attempted to intervene pursuant to FRCP 24.  The Court rejected the competitor's arguments, and held that the competitor was not a necessary party nor was it entitled to intervene.  The Court reasoned that although the competitor's sponsorship contract with the sports league may be adversely affected by the litigation, the competitor's contract was not at issue in the lawsuit.

Like the competitor in *MasterCard*, the FDIC's "ability to protect its interest in its [P&A] contract with [Defendants] will not be impaired if it is not joined here." *Id.* at 387.  As the Court in *MasterCard* stated, "It is not enough under Rule 19(a)(2)(i) [now Rule 19(1)(B)(i), Required Party] for a third party to have an interest, even a very strong interest, in the litigation.  Nor is it

16

enough for a third party to be adversely affected by the outcome of the litigation." *Id.* at 387. "[N]ecessary parties . . . are those parties whose ability to protect their interests would be impaired because of that party's absence from the litigation." *Id.* And "if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)". *See id.* at 389

The FDIC will not be prejudiced in any way by Plaintiffs' lawsuit. Except for the FDIC's intervention, there is no possibility that the FDIC could be held liable in this case or precluded from asserting a claim or defense in another because of anything that may happen in this case. *See United States v. Gaubert*, 499 U.S. 315, 324-25, (1991) (actions by regulator prior to receivership supervising a savings and loan were protected by the discretionary-function exception to the Federal Tort Claims Act).

### Existing Parties Adequately Represent Any Supposed Interest of The FDIC

Defendants are a national banking organization, with much money to spend on counsel to defend this case. The FDIC's hypothetical and contingent interests are aligned with Defendants. There is no reason to believe that Defendants will not assert any and all defenses available to them. Unless the FDIC is suggesting that Defendants' chosen counsel is inadequate, it is clear the existing parties adequately represent any hypothetical interest. *See Bank One v. Elms*, 764 F.Supp. at 87.

### Other Than Causing Delay or Creating Jurisdiction or Venue Elsewhere, There is a Notable Absence of Grounds to Allow a Permissive Intervention

For many of the reasons stated above, the FDIC fails to establish grounds for permissive intervention under Rule 24 (b). *See Bank One v. Elms*, 764 F.Supp. at 90 ("The reasons given above bear as well on whether FDIC should be kept in the suit as a permissive intervenor").

17

Plaintiff's claims against Defendants are not subject to the FIRREA claims process. As such, neither the FDIC nor Defendants has a defense to Plaintiffs' claims that is based on FIRREA and the FDIC cannot otherwise claim that grounds exist to intervene by permission.

However, the FDIC's intervention will cause undue delay and prejudice. The FDIC's presence in this case serves only to muddy the jurisdictional and venue issues in this case, and to hinder the resolution of the ultimate resolution of merits of this case, which revolve around a conflict between Plaintiffs and Defendants. As stated in *Team Bank*, *supra*, the FDIC's "presence as a party to this action accomplishes nothing other than to cause delay, to consume judicial time, to interfere with the adjudication of the rights of the other parties to the action, and to generate, unnecessarily, significant legal expense, FDIC's part of which would be borne ultimately by the tax-paying public." *Id.*, 145 F.R.D. at 72. See *Bank One v. Elms*, 764 F.Supp. at 87 ("there is absolutely no justification for the presence of FDIC in this litigation unless the exercise of its special right of removal were to provide it.").

### No Federal Question Jurisdiction Exists Where the FDIC is Dismissed as a Party

The FDIC and Defendants claim that, with the FDIC having intervened in the Texas state court, there is now a party and the statutory right to remove cases in which the FDIC is a party applies. *See* 12 U.S.C. § 1819(b)(2)(B). However, if the Court dismisses the FDIC as a party, then 12 U.S.C. § 1819(b)(2)(B) will not apply. Once the FDIC is dismissed from this case, federal jurisdiction is eliminated and this lawsuit should be remanded.

### No Federal Question Exists on The Face of the Plaintiffs' Petition Relating to the FDIC's Regulatory Scheme or Administrative Framework

The FDIC and Defendants assert another, meritless, argument for federal question jurisdiction in their claim that the Plaintiffs' state law causes of action depend on the "application

and interpretation of the FDIC's regulatory scheme and administrative framework" (*See* Defendants' Notice of Removal, ¶6; FDIC's Notice of Removal, ¶8). This statement is patently false. The sole issue in this lawsuit is Defendants' tortious conduct. Defendants' conduct was wrongful even absent the involvement of any particular federal agency. The FDIC apparently wants the Court to be fooled into believing that a federal question arises simply due to the involvement of a bank purchase.

To determine what issues are involved in Plaintiffs' causes of action, the FDIC and Defendants are bound by the allegations that appear on the face of Plaintiffs' Original Petition. *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772-73 (5th Cir. 2003). Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez*, 543 F.3d at 251-52 (citation omitted).

Defendants' act of purchasing of assets from the FDIC alone does not create a federal question. In some cases, even asserting violations of federal law is not grounds for removal. For example, in *Williams v. Edcare Mgmt.*, 2008 U.S. Dist. LEXIS 87351 (E.D. Tex. Oct. 28, 2008), a plaintiff asserted Texas state law claims of tortious interference, breach of contract, civil conspiracy, and business disparagement arising out of emergency room staffing contracts, and alleged, among other things, violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395, and federal Medicare laws. The defendant removed the

19

actions, claiming that the lawsuit was premised on federal laws and therefore raised federal questions. The Court disagreed and remanded, holding that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Id.* at *18, (citing *Merrell Dow Pharms. v. Thompson,* 478 U.S. 804, 813 (1986). "[R]eferences to federal rules and regulations in complaints alleging state law causes of action, even if they constitute an element of the plaintiff's claim, may not suffice to render the action as one arising under federal law." *Id.* The Court further reasoned that "[e]ven if Plaintiffs' causes of action require the Court to interpret EMTALA and federal Medicare laws, it does not necessarily follow that federal question jurisdiction exists." Id. at *18.

Similarly, in *Frank v. Bear Stearns & Co.*, 128 F.3d 919 (5th Cir. 1997), the defendant served as underwriter for the issuance of securities by the Federal Home Loan Mortgage Corporation ("Freddie Mac") and the Federal National Mortgage Association ("Fannie Mae"). The plaintiffs claimed that the defendants breached a duty created by a contract between the defendants and Freddie Mac and Fannie Mae to provide disclosure statements, and asserted third party beneficiary claims in state court. The defendants removed the action, arguing that all matters that arise out of contracts between Freddie Mac and Fannie Mae involved federal questions. The Court disagreed and remanded, holding that "Although Congress chartered Fannie Mae and Freddie Mac to establish secondary mortgage markets subject to federal regulation, the mere fact that the United States has an interest in regulating the secondary mortgage market does not in itself justify federal question jurisdiction in every case involving these federally regulated entities." *Id*. at 924-25. The fact that a specific statute granted federal jurisdiction to any case in which Fannie Mae or Freddie Mac were parties did not change the result.

20

In the instant case, Plaintiffs' Petition raises no issue of federal law. Neither the FDIA nor FIRREA have any bearing on whether or not Defendants acted wrongfully toward Plaintiffs in this case. Moreover, no judgment on the merits of this matter will have any impact on federal administration. FIRREA is not relevant to an analysis of Defendants' wrongful actions. No dispute exists with regard to the value of Plaintiffs' WMB bonds.[8] The most that can be said of the federal agency is that they may have paperwork of importance to this lawsuit. Such a minor issue in relation to the clearly overwhelming state issues, cannot support federal question jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001) (mention of violations of Federal Trade Commission rules and regulations in a Texas Deceptive Trade Practices Act claim did not create federal issue).

### No Federal Question Exists On Grounds Of Preemption By FIRREA Over State Court Lawsuits Against Private Individuals Who Purchase Assets From An FDIC Receivership

The JPMC Defendants make a further argument (interestingly, not joined by the FDIC) that FIRREA "occupies the entire field of federal receivership proceedings" and therefore "completely preempts any claim which relates to or arises out of acts or omissions of the FDIC" (*see* Defendants' Notice of Removal ¶ 10). This argument is clearly an attempt by Defendants to make an "end around" the "well pleaded complaint rule," and misdirect the Court by claiming that Plaintiffs' claims are against the FDIC or the FDIC-WMB receivership. This argument lacks merit.

In the Fifth Circuit, the test for complete preemption is: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous

---

[8] The FDIC has declared on its website that "the FDIC as Receiver for Washington Mutual Bank does not anticipate that subordinated debt holders of the bank will receive any recovery on their claims." See "FDIC, Information for Washington Mutual Bank, Henderson, NV, and Washington Mutual Bank, FSB, Park City UT," *available at* http://www.fdic.gov/bank/individual/failed/wamu.html

area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable [or exclusive]." *See Gutierrez v. Flores*, 543 F.3d at 252 (as modified by *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003)); *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 553 (5th. Cir. 2008). "This test should be applied with circumscription to avoid difficult issues of federal-state relations, and accordingly few federal statutes can meet such an exacting standard." *Heimann v. Nat. Elevator Indus. Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999), overruled on other grounds, *Arana v. Ochsner Health Plan*, 338 F.3d 433, fn 11 (5th Cir. 2003). The Supreme Court has found complete preemption to exist in areas of federal labor relations law, certain ERISA cases, and usury claims against national banks. *Beneficial*, 539 U.S. at 6-9 (not listing FDIC federal receivership proceedings).

FIRREA contains no provision divesting state courts of state law claims brought by private parties against purchasers of assets from an FDIC receivership. There is no provision in FIRREA that provides for adjudication of claims that are not seeking receivership assets. There is no clear Congressional intent that Plaintiffs' claims should be adjudicated by the FDIC. To the contrary, the complete absence of authority for Defendants' position in this regard indicates that Congress did not intend for private lawsuits to be part of the FDIC receivership claims administration process. Therefore, Plaintiffs' state law claims are not preempted.

### In the Alternative, the Court Has the Discretion to Sever the FDIC's Purported Claims or Defenses and to Remand the Plaintiffs' State Law Causes of Action

Although Plaintiffs maintain that dismissal of the FDIC is proper, the Court may, in the alternative and in its discretion, sever Plaintiffs' state law causes of action from the action in which the FDIC asserts a theoretical interest. Federal Rule of Civil Procedure 21. *Allied*

22

*Elevator, Inc. v. East Texas State Bank*, 965 F.2d 34, 36 (5th Cir. 1992)(affirming severance of FDIC counterclaim).  In such case, Defendants in the severed federal action would be realigned as plaintiffs and the FDIC would remain as defendant.

### No Diversity Jurisdiction Exists

Diversity jurisdiction exists when a suit involves a controversy (1) between citizens of different States and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.  *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968)).  A corporation is deemed a citizen of any state where it was incorporated and where it has its principal place of business.  28 USC §1332(c)(1).  A national bank is a citizen of the state in which it maintains its main office.  *Wachovia Bank, Nat. Ass'n v. Schmidt*, 546 U.S. 303, 307 (2006) (a banking association is considered a citizen of the state where its main office is located).

In this case, there is no diversity between Plaintiffs Farm Family Life Insurance Company and Farm Family Casualty Insurance Company and Defendants JPMorgan Chase & Co. and Defendant JPMorgan Chase, National Association.  As there is not complete diversity, there is no diversity jurisdiction.

a.    **Plaintiffs Farm Family Life Insurance Company and Farm Family Casualty Insurance Company are New York citizens**

Plaintiffs Farm Family Life Insurance Company and Farm Family Casualty Insurance Company are citizens of the State of New York.  Both are charted in and have principal places of business in the State of New York.  *See* Exhibits C and D (Certified copies of declaration and charters).

23

### b.    Defendant JPMorgan Chase, NA is a New York citizen

Defendant JPMorgan Chase, National Association, in filings with the Texas Secretary of State, averred that the address of its main office is in the State of New York. *See* Exhibit E. Defendant cannot now contradict the effect of its official filings with the Texas Secretary of State. *See Maguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002)("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand); *Storms v. Tuck*, 579 S.W.2d 447, 452 (Tex. 1979) (estoppel by silence arises where a person is under a duty to speak, but refrains from doing so and thereby leads another to act in reliance on a mistaken understanding).

### c.    Defendant JPMorgan Chase & Co. is a New York citizen

Defendant JPMorgan Chase & Co., admits that it is a New York corporation and thus is not diverse from the Farm Family Plaintiffs. (*See* Affidavit of Anthony J. Horan, ¶ 1, submitted with Defendant JPMorgan Chase & Co.'s Special Appearance, ("JPMorgan Chase & Co. . . . has its principal place of business in New York.")).   However, Defendant's unsupported assertion that it is "a separate and independent entity from JPMC Bank, [and] not subject to the personal jurisdiction of a Texas state court and thus is not a proper party to this suit" (*See* Defendants' Notice of Removal, ¶ 12) cannot prevent remand in this case.

Defendant JPMorgan Chase & Co. was served with process through its registered agent in the State of Texas. *See* Texas Business Corporation Act, art. 8.10, (service of process on foreign corporations).   Defendant JPMorgan Chase & Co. has numerous significant contacts in Texas. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003)(due process considerations).   Defendant therefore fails to meet its burden to establish diversity. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d

24

278, 281-82 (5th Cir. Tex. 2007) ("The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.").

Defendant JPMorgan Chase & Co. registered to do business within the State of Texas, paid taxes, appointed a registered agent for service of process, and conducted business in the State of Texas. (*See* Certified copy of Application for Certificate of Authority of JPMorgan Chase, & Co, attached as Exhibit F). *See* Tex. Bus. Corp. Act art. 8.02, 8.05, 8.10. In addition, Defendant JPMorgan Chase & Co. disregarded the corporate separateness of its subsidiary (the co-Defendant) in Texas, and treated the subsidiary as its agent, alter ego, or as a single business entity. The contacts of Defendant JPMorgan Chase Bank, National Association are attributed to Defendant JPMorgan Chase & Co. *See Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 346 (5th Cir. 2004) (nonexhaustive list of alter ego factors); *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 2008 U.S. Dist. LEXIS 17945, *17-18 (S.D. Tex., Mar. 7, 2008) (discussing caselaw relating to alter ego basis for personal jurisdiction); *Maurice Pierce & Associates, Inc. v. Computerage, Inc.*, 608 F. Supp. 173, 177 (N.D. Tex., 1985) (ratification as basis for personal jurisdiction over nonresident defendant); *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163 (Tex. 2006) (discussing piercing corporate veil for purposes of obtaining personal jurisdiction).[9]

## Conclusion

The intervention and removal by the FDIC are improper attempts to manipulate federal jurisdiction. The FDIC and Defendants seek to deny Plaintiffs their right to assert their Texas state law claims for damages that occurred in Texas, in a state court in the Texas. The FIRREA

---

[9] See Exhibit G, press release of JPMorgan Chase & Co. dated September 25, 2008, entitled "JPMorgan Chase Acquires the Deposits, Assets and Certain Liabilities of Washington Mutual's Banking Operations," p. 1 and Exhibit H, Investor Presentation by JPMorgan Chase & Co. entitled "Acquisition of Assets, Deposits and Certain Liabilities of Washington Mutual's Banks by JPMorgan Chase," dated September 25, 2008, p. 1-2, 5-6, 7.

25

statutes governing the administration of claims against assets in a FDIC receivership do not apply to Plaintiffs' causes of actions. The FDIC has no interest or authority to intervene in this lawsuit and its intervention should be dismissed. Absent the FDIC's improper presence as a party, no federal jurisdiction exists.

Defendants should be held accountable for their wrongful conduct. It would also be fundamentally unfair to permit the FDIC to cast a purported cloak of governmental immunity over the wrongful conduct of Defendants. Plaintiffs have asserted state law claims against private parties in the state court of Texas. Because, no federal jurisdiction exists, the case should be remanded.

## **Prayer**

WHEREFORE, the Plaintiffs respectfully request the Court to:

(a)    Dismiss the FDIC as a party to this lawsuit or, in the alternative, sever the claims made by the FDIC from Plaintiffs' state law causes of action against Defendants;

(b)    Remand the lawsuit to the District Court of Galveston County, Texas, 122nd Judicial District;

(c)    Grant such other and further relief that this Court deems just and appropriate.

GREER, HERZ & ADAMS, L.L.P.

By: _____
     Andrew J. Mytelka
     Attorney-in-Charge
     State Bar No. 1476700
     S.D. Tex. I.D. No. 11084
     Joe A.C. Fulcher
     State Bar No. 07509320
     M. David Le Blanc
     State Bar No. 00791090
     Joseph R.  Russo, Jr.
     State Bar No. 24002879
     Steve Windsor
     State Bar No. 21760650
     James M. Roquemore
     State Bar No. 24058082
     One Moody Plaza, 18th Floor
     Galveston, Texas  77550
     (409) 797-3200
     (409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

27

## CERTIFICATE OF SERVICE

I certify that on this _2/_ day of April, 2009, a true and correct copy of the foregoing document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

> Glen M. Boudreaux
> Jackson Walker L.L.P.
> 1401 McKinney, Suite 1900
> Houston, TX 77010
>
> Jack O'Neill
> Ms. Jessie A. Amos
> DLA Piper LLP (US)
> Chase Tower
> 600 Travis Street, Suite 1700
> Houston, TX 77002-3009
>
> Aaron G. Fountain
> DLA Piper LLP (US)
> 1221 South MoPac Expressway, Suite 400
> Austin, TX 78746-7650
>
> A courtesy copy is being sent to the
> Chambers of the Honorable Melinda Harmon
> 515 Rusk Avenue
> Houston, Texas 77002

Steve Windsor

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

AMERICAN NATIONAL INSURANCE     §
COMPANY, et al,     §
         Plaintiffs,     §
    §     CIVIL ACTION NO. 3:09-CV-00044
vs.     §
    §
JPMORGAN CHASE & CO., et al.     §
         Defendants     §

## **ORDER**

The Court has considered Plaintiffs' Motion for Remand and finds said Motion to be meritorious.

In is therefore ORDERED that the Motion is GRANTED.

It is ORDERED that the FDIC, as Receiver for Washington Mutual Bank, Henderson, Nevada, is hereby dismissed as a party to this case.

The Court FURTHER ORDERS that this case be REMANDED to the 122nd Judicial District Court of Galveston County Texas.

SIGNED this ___ day of _____, 2009.

_____
Hon. Melinda Harmon
United States District Judge