UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § § § § § § § § § <br><br> CIVIL ACTION NO. 3:09-CV-00044 |

## PLAINTIFFS' RESPONSE TO INTERVENOR'S MOTION TO TRANSFER OR DISMISS FOR IMPROPER VENUE

Plaintiffs, subject to and without waiving their Motion for Remand,[1] submit this response to the Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue (the "Venue Motion").

## INTRODUCTION

The FDIC's sole basis for seeking a transfer of venue is application of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). *Venue Motion* at 6-10. The sole basis for the FDIC's request for dismissal is the contention that venue in the Southern District of Texas is improper. *Id.* at 11. Because both the request for transfer and the request for dismissal are based upon erroneous applications of law, the Venue Motion should be denied in its entirety.

First, the FDIC is not a proper party to this lawsuit for the reasons stated in the Plaintiffs' pending Motion to Remand (the "Remand Motion"); thus the FDIC thus has no standing to ask the Court to transfer venue. Second, Plaintiffs only bring claims against private party Defendants; these

---

[1] Plaintiffs' Motion for Remand properly is ruled upon prior to consideration of the instant motion to transfer/dismiss.

1

claims are not subject to the claims administration process of FIRREA which is the sole basis for changing venue alleged by the FDIC. Third, venue is proper in the Southern District of Texas; Plaintiffs' choice of should therefore not be disturbed and the FDIC's motion to dismiss should be denied.

Plaintiffs brought their action against Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Defendants") in the District Court of Galveston County, Texas, asserting only Texas state law claims. Plaintiffs do not assert claims against the FDIC and they do not assert any claims based on federal law or subject to a defense based on federal law applies.

In a blatant effort to create federal jurisdiction where none genuinely exists, the FDIC filed a Plea in Intervention in state court and simultaneously removed this case to federal court. The FDIC contends it is a "party" and that FIRREA gives it the right to remove and have the action transferred. The Plaintiffs, in their Remand Motion, set forth the compelling grounds for remand, including the FDIC's lack of foundation for its party status (*Remand Motion*, p. 5-8, 15-17), the absence of authority holds that FIRREA does not apply to private lawsuits that are not "susceptible to the FIRREA claims process;" (*Id.* 11-13) and the interest of the State of Texas in adjudicating Plaintiffs' state law claims against the Defendants. (*Id* 8-9, Exhibits G, H to *Remand Motion*). In short, because the FDIC has no interest in this lawsuit and no grounds to intervene pursuant to Federal Rule of Civil Procedure 24, the FDIC should be dismissed as a party from the lawsuit. *Id.* at.15-18.

The action should not be dismissed based upon improper venue because a substantial amount of the events forming the basis of Plaintiffs' claims occurred in the Southern District of Texas. Further, Defendants dominate the banking marketplace in the State of Texas, holding the largest market share. See Remand Motion Exhibits G, H. Their acquisition of 253 Washington Mutual Bank ("WMB") branches in Texas greatly affected the banking marketplace and banking employees

in the State of Texas. *Id.* In addition, Defendants injured many investors in the State of Texas, including the Plaintiffs, through their misconduct. The "improper venue" argument is frivolous.

## VENUE SHOULD NOT BE TRANSFERRED

The FDIC bases its request for a change of venue or dismissal upon a single erroneous legal argument: that FIRREA, and thus the venue provision of FIRREA,[2] applies to the Plaintiffs' causes of action. However, the FDIC's motion should be denied in its entirety for several reasons. First, the FDIC has no standing to bring this motion where, as here, its intervention was improper. *Remand Motion* at 5-8, 18-19. Second, the venue provisions of FIRREA do not apply to where, as here, the FIRREA claims process is inapplicable. *Id.* at 10-13. Third, venue is proper in the Southern District of Texas, pending dismissing the FDIC as intervenor and remanding the case to state court.

> Once a defendant raises the issue of proper venue by motion, the burden of sustaining venue lies with the plaintiff. In the absence of an evidentiary hearing, a court should allow a plaintiff to carry this burden by setting forth facts that, taken as true, establish venue. The court should, therefore, accept uncontroverted facts contained in plaintiff's pleadings as true and resolve conflicts in the parties' affidavits in the plaintiff's favor. Thus, although a defendant need not affirmatively disprove all bases for the plaintiff's venue choice, the court will nevertheless give plaintiff every benefit of the doubt in ascertaining what facts control its legal decision.

*Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002) (internal citations omitted). Plaintiffs meet this burden.

### The FDIC has no Standing to Challenge Venue

The Plaintiffs' Remand Motion sets forth the argument and authorities for dismissing the FDIC from this lawsuit. *Id.* at 5-18. The FDIC fails to establish grounds to warrant intervention under Federal Rule of Civil Procedure 24, and the FDIC should be dismissed as party. *See Bank One v. Elms*, 764 F.Supp. 85, 89 (N.D. Tex. 1991)(FDIC intervention dismissed from lawsuit relating to

---

[2] 12 U.S.C. § 1821(d)(6)(A), which governs venue for judicial review of the FDIC receivership claims administration process set forth in 12 U.S.C. § 1821(d)(3)-(d)(11),

promissory note that was acquired from the FDIC); *Team Bank v. Barfield*, 145 F.R.D. 69, 70 (N.D. Tex. 1992)(FDIC failed to show interest in case involving property that was transferred out of the FDIC receivership); *Hickey v. NCNB Texas Nat. Bank*, 763 F. Supp. 896, 897 (N.D. Tex. 1991). Absent the FDIC's status as intervenor, the FDIC has no standing to bring its Venue Motion and the motion, therefore, should be denied in its entirety.

### FIRREA Does Not Apply to the Plaintiffs' Claims

The FDIC improperly asserts that Plaintiffs' causes of action against the Defendants are "claims" that are subject to the FIRREA receivership claims administration process set forth in 12 U.S.C. § 1821(d)(3)-(d)(11). *See* FDIC Motion to Transfer Venue, p. 8. Contrary to the FDIC's argument, the FIRREA statutory framework does not apply to lawsuits that are brought, not against the FDIC receivership, but against an assignee of an asset formerly held by the FDIC and which do not seek assets of the receivership. Accordingly, the FIRREA venue provision of 12 U.S.C. § 1821(d)(6)(A) does not apply to this lawsuit.

Under the Federal Deposit Insurance Act ("FDIA"), as amended by FIRREA, the FDIC is permitted to act as receiver "for the purpose of liquidation or winding up the affairs of an insured Federal depository institution or District bank . . ." 12 U.S.C. § 1821(c)(2)(A)(ii). FIRREA permits the FDIC to determine claims of creditors or any claimant pursuant to the claims procedure of FIRREA, as set forth in § 1821(d)(3)-(d)(11). *See* 12 U.S.C. § 1821(c)(1)(appointment to act as receiver), (d)(3)(A)(FDIC-receiver may determine claims), (d)(3)(B)(FDIC-receiver must give notice to creditors). If a claim is subject to FIRREA, it must be pursued relief through the administrative claims process of § 1821(d)(3)-(d)(11).

As described in *American First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999), "claims" that are subject to the exhaustion of remedies requirement under FIRREA are:

> "(1) claims for payment from assets of any depository institution for which the [FDIC] has been appointed Receiver;
> (2) actions for payment from assets of such depository institutions;
> (3) actions seeking a determination of rights with respect to the assets of such depository institutions; and
> (4) a claim relating to any act or omission of such institution or the [FDIC] as receiver."

The FIRREA claims procedure applies only to "claimants to assets in possession of the FDIC." *See FDIC v. McFarland*, 243 F.3d 876, 887 (5th Cir. 2001). "The claims procedures articulated in 12 U.S.C. § 1821(d)(5)-(11) are predicated on the FDIC's possession of the property in question." *Id.* Accordingly, "When the FDIC relinquishes ownership the procedures governing its role as a receiver no longer apply to the property. *Id.; see also Nat'l Union Fire Ins. v. City Sav.*, 28 F.3d 376, 393 (3d Cir. 1994); *RTC v. Midwest Fed. Sav. Bank*, 36 F.3d 785, 791 (9th Cir. 1993)); *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir. 2007), *cert. den.*, 128 S. Ct. 647 (2007). The FDIC possesses no assets that are in question in Plaintiffs' lawsuit; FIRREA is thus inapplicable.

Decisions cited by the FDIC confirm that the FIRREA claims procedure is only applicable to lawsuits that are brought, unlike the one brought by Plaintiffs here, brought directly against the FDIC. For example, *Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*, 43 F.3d 843 (3d Cir. 1994), cited by the FDIC, involved a lawsuit brought directly against the FDIC as receiver. The court held that that "the venue provision in 12 U.S.C. § 1821(d)(6)(A) applies to claims against the receiver." *Id.* at 849. In the instant case, the Plaintiffs do not bring any action against the FDIC. Similarly, in *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373 (6th Cir. 2008), also cited by the FDIC, the plaintiffs were uninsured depositors of a failed bank in receivership asserting claims

against the acquiring financial institution based upon alleged liability for their uninsured deposits. The uninsured deposits, however, had not been transferred to the acquiring bank, but instead remained with the FDIC as receiver. *Id.* at 366. The court held that the claim to collect on the uninsured deposits was a "claim against a depository institution for which the Corporation is receiver, and thus subject to the FIRREA claims administration process. *Id.* at 385, 386. In contrast, the Plaintiffs in the instant case are no t uninsured depositors and they have not claims against the FDIC as receiver for WMB.

The FDIC calls *Family Realty & Co. v. Mfrs. & Traders Tr. Co.*, 931 F.Supp. 141, 145-46 (N.E.N.Y. 1996), an "instructive" case. The decision, however, actually supports non-applicability of FIRREA to this case. The FDIC's disregards inconvenient facts in its attempt to stretch FIRREA beyond its plain meaning and Congressional intent. According to the FDIC, in *Family Realty* "the plaintiff was a holder of notes that had been issued by a failed bank. After the bank failed, the plaintiff filed a state court action against a purchaser of the failed bank's assets, seeking recovery of amounts owed under the notes. The FDIC then intervened and removed the action." See FDIC Motion to Transfer Venue, p. 10. The FDIC, conveniently omits the fact that the notes at issue were actually obligations of the FDIC-receivership, and had been only briefly and mistakenly transferred to a private party. *See Family Realty*, 931 F.Supp. at 143. In *Family Realty,* the FDIC's intervention had previously been granted and was not at issue. *Id.* at 145. Also noteworthy: the court in *Family Realty*, despite the "overriding circumstance in this case," was still reluctant to grant transfer of venue, acknowledging that "under a strict reading of the statute, this case may not fall within the four corners of the Act." *Id.* at 145-46.

In contrast to the circumstances faced by the courts in decisions cited by the FDIC, the Plaintiffs do not bring any claims against WMB or the FDIC as receiver for WMB. Nor do Plaintiffs

seek any determination of rights with respect to the assets of WMB held by the FDIC. *See Hudson United Bank*, 43 F.3d at 849-50 ("The effect of these provisions, read together, is to require anyone bringing a claim against or 'seeking a determination of rights with respect to' the assets of a failed bank held by the FDIC as receiver to first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process."). As such, the Plainitiffs' causes of action are not "claims" that are subject to FIRREA.

Plaintiffs' causes of actions are independent of any claim that the Plaintiff may have against WMB or the FDIC as receiver for WMB. Despite the FDIC's protestations to the contrary, neither the FDIC nor WMB is a necessary party for any of the Plaintiffs' causes of action. *See Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996)(tortious interference with contract); *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995)(tortious interference with contract); *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002)(breach of confidentiality agreement); *RDG Ltd. P'ship v. Gexa Corp.*, 2005 Tex. App. LEXIS 3123, *9-10 (Tex. App.—Houston [14th Dist.] Apr. 26, 2005)(unjust enrichment); *Mastercard Int'l, Inc. v Visa Int'l Serv. Ass'n*, 471 F3d 377, 389 (2d Cir. 2006)("if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)"). *See generally Remand Motion* at 15-17.

## THIS ACTION SHOULD NOT BE DISMISSED

The FDIC's on argument for dismissal is "improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The FDIC, however, makes no serious attempt (outside its FIRREA contention)t to demonstrate improper venue. Under the general venue statutory provisions for both diversity actions and actions not based on diversity, venue is proper in:

> [A] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

28 U.S.C. § 1391(a)(2) and (b)(2). A substantial part of the events occurred in the Southern District of Texas – in particular the purchase, and events leading up to the purchase, of the securities at issue in this matter occurred in the Southern District of Texas. Plaintiffs' choice of forum, accordingly, is proper. The FDIC asks for transfer to Washington D.C. The FDIC, however, fails to allege any between the District of Columbia and Plaintiffs' causes of action. None of Plaintiffs' claims arose in Washington D.C. and thus, with FERREA, venue is not proper in Washington D.C. In sum: No Plaintiff or Defendant resides in Washington D.C.; No part of events or omissions giving rise to Plaintiffs' claims occurred in Washington D.C.; No "interest of justice" exists from which to dismiss or transfer the case to an alternate venue pursuant to 28 U.S.C. § 1406(a) or Federal Rule of Civil Procedure 12(b)(3).

## **PRAYER**

The FDIC's Motion to Transfer Venue and Dismiss should therefore be denied.

GREER, HERZ & ADAMS, L.L.P.

BY: _____
ANDREW J. MYTELKA
ATTORNEY-IN-CHARGE
STATE BAR NO. 1476700
S.D. TEX. I.D. NO. 11084
JOE A.C. FULCHER
STATE BAR NO. 07509320
M. DAVID LE BLANC
STATE BAR NO. 00791090
JOSEPH R. RUSSO, JR.
STATE BAR NO. 24002879
STEVE WINDSOR
STATE BAR NO. 21760650
JAMES M. ROQUEMORE
STATE BAR NO. 24058082
ONE MOODY PLAZA, 18TH FLOOR
GALVESTON, TEXAS 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on this 21 day of April, 2009, a true and correct copy of the foregoing document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650

A courtesy copy is being sent to the
Chambers of the Honorable Melinda Harmon
515 Rusk Avenue
Houston, Texas 77002

_____
Steve Windsor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al,<br>　　　Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., et al.<br>　　　Defendants | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:09-CV-00044<br>§<br>§<br>§<br>§ |

## **ORDER**

The Court has considered the Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue, and finds said Motion to be without merit.

It is therefore ORDERED that the Motion is DENIED.

SIGNED this ___ day of _____, 2009.

_____
Hon. Melinda Harmon
United States District Judge