IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| JP MORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § § § | CIVIL ACTION NO. 3:09-cv-00044 |
| Defendants, | § § § | |
| and | § § | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | § § § | |
| Intervenor-Defendant. | § § | |

**REPLY OF INTERVENOR-DEFENDANT FDIC-RECEIVER IN SUPPORT OF
MOTION TO TRANSFER OR DISMISS FOR IMPROPER VENUE**

In accordance with this Court's Order granting leave dated May 4, 2009, Intervenor-Defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, Henderson, Nevada (the "FDIC-Receiver"), respectfully submits this Reply in Support of Its Motion to Transfer or Dismiss for Improper Venue.

Plaintiffs' opposition to the FDIC-Receiver's motion turns entirely on its assertions that the FDIC-Receiver is not a proper party to this action and that Plaintiffs are not subject to the jurisdictional bar of the Federal Deposit Insurance Act, as amended, *inter alia*, by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). *See* Plaintiffs' Response at 3-4. However, as set forth in the FDIC-Receiver's Response in Opposition to Plaintiffs' Motion for Remand filed concurrently herewith, these assertions are incorrect.

The FDIC-Receiver properly intervened in Plaintiffs' underlying state court action against JPMorgan Chase Bank, N.A. ("JPMC Bank") and its holding company because that action seeks a "determination of rights with respect to the assets of" Washington Mutual Bank ("WMB") (*i.e.* the WMB assets that were sold by the FDIC-Receiver to JPMC Bank) and relates to an "act or omission" of the FDIC-Receiver (*i.e.* the asset sale to JPMC Bank at allegedly too low a price), both in violation of FIRREA's jurisdictional bar. 12 U.S.C. §§ 1821(d)(13)(D)(i) & (ii); *see, e.g., Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 386-388 (6th Cir. 2008) (holding that action against the purchaser of a failed bank assets was subject to jurisdictional bar of section 1821(d)(13)(D)).

Once it was a party to the state court action, the FDIC-Receiver was entitled to remove the entire action to federal court. 12 U.S.C. § 1819(b)(2); *see Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 426 (5th Cir. 2002). For similar reasons, the District for the District of Columbia is the proper venue, and the entire action should therefore be transferred to that district. *See* 12 U.S.C. § 1821(d)(6); *Hudson United Bank v. Chase Manhattan Bank of Conn.*, 43 F.3d 843, 847 (3d Cir. 1994) (action alleging acts or omission of FDIC as receiver of failed bank was subject to FIRREA venue provision).

Plaintiffs contend that they have not asserted "claims" against the FDIC-Receiver and therefore are not subject to the FIRREA venue provision. However, this argument ignores the plain language of FIRREA. There is no question that Plaintiffs' causes of action against the Defendants are subject to the jurisdictional bar of section 1821(d)(13)(D), whether or not Plaintiffs chose to name the FDIC-Receiver as a defendant in this action. *See Village of Oakwood*, 539 F.3d at 386 ("The problem with this novel argument is that all of [plaintiffs'] claims against State Bank are directly related to acts or omissions of the FDIC as receiver of Oakwood."). Indeed, as the Sixth Circuit recognized in *Village of Oakwood*, to "permit[]

claimants to avoid [the jurisdictional bar] by bringing claims against the assuming bank . . . would encourage the very litigation that FIRREA aimed to avoid." *Id.*[1]

Plaintiffs unsuccessfully attempt to distinguish the decision in *Family Realty Construction Co. v. Manufacturers and Traders Trust Co.*, 931 F. Supp. 141 (N.D.N.Y. 1996), in which the district court transferred a similar action pursuant to the venue provision of 12 U.S.C. § 1821(d)(6). Just like Plaintiffs here, the plaintiff in *Family Realty* was the holder of debt securities issued by a failed bank. As in the present case, the *Family Realty* plaintiff sued a bank that had purchased failed bank assets from the FDIC as receiver, seeking recovery for claims from the buyer that were, in fact, obligations of the receivership.[2] *Family Realty*, 931 F. Supp. at 143. The FDIC, as receiver of the failed bank, intervened and sought transfer of the action pursuant to section 1821(d)(6). Because the plaintiff had attempted to evade the FDIC claims process by pursuing recovery from the assuming bank and not naming the FDIC as a defendant, the district court "acknowledge[d] that under a strict reading of the statute, this case may not fall within the four corners of the Act," *id*. at 145-46, but the court agreed with the FDIC that section 1821(d)(6) nevertheless required that the action be transferred. *Id*. at 146.

Although transfer rather than dismissal would impose the least burden on the parties and the courts, in the event that this Court determines not to transfer this action, then the action

---

[1] The cases regarding "claims" that are cited by Plaintiffs did not rule on the application of the jurisdictional bar to "claims" alleged to relate to acts or omissions of the FDIC as receiver, or seek a determination of rights with respect to assets of the receiverships in question, and are inapposite. *See Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir. 2007); *F.D.I.C. v. McFarland*, 243 F.3d 786 (5th Cir. 2001); *American First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259 (11th Cir. 1999); *R.T.C. v. Midwest Fed. Sav. Bank*, 36 F.3d 785 (9th Cir. 1993); *Nat'l Union Fire Ins. v. City Sav.*, 28 F.3d 376 (3d Cir. 1994).

[2] In *Family Realty*, the basis for the plaintiff's claim against the assuming bank was a bookkeeping error rather than an allegation of tortious interference, but this distinction does not affect the FIRREA analysis for the reasons already discussed.

should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), without prejudice to Plaintiffs' ability to refile the action in a forum specified in section 1821(d)(6) (and subject to all of the FDIC-Receiver's defenses in any such action).

## CONCLUSION

For the foregoing reasons, Intervenor-Defendant FDIC-Receiver respectfully requests that this action be transferred to the District for the District of Columbia or, in the alternative, be dismissed for improper venue.

Dated: Houston, Texas
       May 11, 2009

Respectfully submitted,

DLA PIPER LLP (US)

By:     /s/ Jack O'Neill
    Edward John "Jack" O'Neill, Jr.
    Attorney-in-Charge
    Texas State Bar No. 15288500
    Southern District of Texas Bar No. 3696
    1000 Louisiana Street, Suite 2809
    Houston, Texas 77002
    Telephone: (713) 425-8400
    Facsimile: (713) 425-8401
    jack.oneill@dlapiper.com

    Aaron G. Fountain
    Texas State Bar No. 24050619
    Southern District of Texas Bar No. 960354
    401 South Congress Avenue, Suite 2500
    Austin, Texas 78701
    Telephone: (512) 457-7000
    Facsimile: (512) 457-7001
    aaron.fountain@dlapiper.com

    ATTORNEYS FOR DEFENDANT IN
    INTERVENTION, THE FEDERAL DEPOSIT
    INSURANCE CORPORATION, AS
    RECEIVER FOR WASHINGTON MUTUAL
    BANK, HENDERSON, NEVADA

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 11th day of May 2009, the foregoing Response of Intervenor-Defendant FDIC-Receiver in Opposition to Plaintiffs' Motion for Remand, together with the accompanying Declaration of Edward John "Jack" O'Neill, Jr., with exhibits, was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action.

                              /s/ Jack O'Neill
                            Edward John "Jack" O'Neill, Jr.