IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al. | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:09-CV-00044 |
| FDIC, as Receiver for Washington Mutual Bank, Henderson, Nevada, et al. | § § § § | |
| Defendants. | § | |

## JPMORGAN CHASE & CO.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant JPMorgan Chase & Co. ("JPMC & Co") files this Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and respectfully show as follows:

### I. INTRODUCTION & BACKGROUND

1. On March 20, 2009, shortly after Plaintiffs filed suit, nonresident defendant JPMC & Co. filed a special appearance. All of JPMC & Co.'s activities in this case since have been subject to its challenge to personal jurisdiction. JPMC & Co. now moves this Court to dismiss it for lack of personal jurisdiction on the ground that Plaintiffs cannot satisfy any test for permitting this Court to exercise jurisdiction over JPMC & Co. To be sure, JPMorgan Chase Bank, National Association ("JPMC Bank") is subject to personal jurisdiction. But JPMC & Co. is a separate entity, and is not subject to personal jurisdiction. None of the Plaintiffs' allegations

sets forth any acts by JPMC & Co. within the forum that have a substantial connection with the operative facts of the litigation. Under the circumstances, JPMC & Co. should be dismissed.[1]

## II.   ARGUMENT & AUTHORITIES

2.  "On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof." *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). While a plaintiff's jurisdictional allegations still "must be accepted as true ... such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). While the Court must "credit the non-conclusional factual allegations of the complaint to the extent those are not controverted by any of the evidence," and resolve conflicts in the evidence in favor of the plaintiff, "the facts thus arrived at must be sufficient to affirmatively show personal jurisdiction." *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 326 n.16 (5th Cir. 1996). Finally, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

3.  "Because Texas' long-arm statute extends to the fullest constitutional limits, plaintiffs must establish that the assertion of jurisdiction over each defendant individually satisfies the due process clause of the Fourteenth Amendment. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 294 (5th Cir.), *rev'd on other grounds*, 526 U.S. 574 (1999).[2] Due process permits a defendant to be subject to personal jurisdiction only where the defendant (1) maintains its residence in the forum state, (2) consents to the forum state's jurisdiction, or (3) has

---

[1] JPMC & Co. is filing this motion partially to demonstrate that it was improperly joined in this case in support of its opposition to plaintiffs' motion to remand. Although JPMC & Co. may press these jurisdictional issues in the future, it will not do so now unless the issue is critical to the Court's determination of whether it has subject matter jurisdiction.

[2] *See also Mink v. AAAA Development, LLC*, 190 F.3d 333, 335 (5th Cir. 1999) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)); *see also* Tex. Civ. Prac. & Rem. Code § 17.041 *et. seq.*

sufficient contacts with the forum state to permit the exercise of jurisdiction. *See Milliken v. Meyer*, 311 U.S. 457 (1940) (domicile); *Hess v. Palowski*, 274 U.S. 352 (1927) (consent); *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (minimum contacts). Here, plaintiffs' assertions as to JPMC & Co. cannot support jurisdiction on any of these grounds. And their efforts to suggest to the contrary, mostly by defining JPMC & Co. *and* JPMC Bank as "JPMC" and thereafter referring only to "JPMC" or "Defendants" as thus defined, cannot support the assertion of jurisdiction over JPMC & Co.

A.  **JPMC & Co. Does Not Reside In Texas And Has Not Consented To Jurisdiction Here.**

4. For good reason, Plaintiffs do not allege that JPMC & Co. resides in Texas or that JPMC & Co. has consented to jurisdiction here. *See* Exhibits A & B (Plaintiffs' Original Petition and Plaintiffs' Motion to Remand). JPMC & Co. is a Delaware corporation with a principal place of business in New York. *See* Exhibit C, the Affidavit of Anthony J. Horan at ¶1. JPMC & Co. thus may be a citizen of Delaware and New York, but it is not a citizen or resident of Texas.

5. JPMC & Co. also has not consented to be sued in Texas. While JPMC & Co. was served with process in Texas, it never consented to jurisdiction by agreement. It filed a special appearance on March 20, 2009, before filing any other plea, pleading, or motion, and it has filed all subsequent pleadings and motions subject to its special appearance. As such, this Court cannot find that JPMC & Co. consented to jurisdiction in Texas. *See Wenche Siemer*, 966 F.2d at 183; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (defendant's removal of action to federal court did not inhibit its right to challenge the exercise of personal jurisdiction).

B.  **JPMC & Co. Does Not Have Minimum Contacts With Texas Sufficient To Support The Assertion Of Jurisdiction Over It Here.**

6. Under the minimum contacts analysis, "[t]he exercise of personal jurisdiction over a nonresident defendant comports with due process when two requirements are met. First, the nonresident defendant must have 'purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state.'" *Felch*, 92 F.3d at 323 (citing *Int'l Shoe Co.*, 326 U.S. at 315-17). This purposeful availment can give rise to either general jurisdiction (contacts so extensive that a defendant can be sued in the forum on any claims whatsoever) or specific jurisdiction (contacts related to the plaintiffs' claims). *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). Even a defendant subject to general or specific jurisdiction cannot be hailed into a forum unless the "exercise of jurisdiction [does] not offend traditional notions of fair play and substantial justice." *Id.* Plaintiffs cannot meet any of these standards as to JPMC & Co.

1.  **JPMC & Co. Is Not Subject to General Jurisdiction In Texas.**

7. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (citing *Helicopteros*, 466 U.S. at 414). Significant contact is required with the forum state because the state has no direct interest in the cause of action. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). In *Helicopteros*, the United States Supreme Court held that a defendant's business trips, purchases, and sales within the forum are insufficient to establish general jurisdiction. *Id.* at 417-18 (1984) (citing *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516, 518 (1923)).

8. Plaintiffs make a bare assertion that JPMC & Co. "regularly and systematically" does business in Texas. Exhibit A at ¶15. However, JPMC & Co. does not maintain and has

never maintained a place of business in Texas. Exhibit C at ¶4. Likewise, JPMC & Co. neither owns property in Texas, nor has business records, employees, bank accounts, or telephone numbers in Texas. And on May 20, it will have been 12 years (and multiple acquisitions) since JPMC & Co.'s Board of Directors last held a meeting in Texas. *Id.* at ¶¶4-5. JPMC & Co. has thus structured its operations to ensure that it is not generally present in the State of Texas, and Plaintiffs offer no real allegations to the contrary.

### 2. JPMC & Co. Is Not Subject to Specific Jurisdiction In This Matter.

9. "If a defendant does not have enough contacts to justify the exercise of general jurisdiction, the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006). When the plaintiff's cause of action relates to the defendant's contact with the forum, the "minimum contacts" requirement is satisfied, and "specific" jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff. *Bearry*, 818 F.2d at 374 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980)). Specific jurisdiction is a claim-specific inquiry; the Court should look to whether defendant's acts within the forum had a substantial connection with the operative facts of the litigation. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006).

10. Plaintiffs assert causes of action for (1) tortious interference with bond agreements between Plaintiffs and Washington Mutual Bank and Washington Mutual, Inc.; (2) breach of a purported confidentiality agreement between one of the JPMC Entities and either Washington Mutual, Inc. or Washington Mutual Bank; and (3) unjust enrichment based upon the FDIC's sale of assets to JPMC Bank following the collapse of Washington Mutual Bank.

Exhibit A at ¶¶88-93; 94-99; 100-103. Neither the paragraphs setting forth the causes of action, nor any of Plaintiffs' factual allegations in paragraphs 20-87, alleges conduct by either JPMC entity, let alone by JPMC & Co., in Texas. In fact, the *only* mention of Texas is allegations that four of the Plaintiffs purchased bonds in Texas. Exhibit A at ¶¶72-75. Plaintiffs' contacts are irrelevant, however, to whether the defendants have contacts with the state related to plaintiffs' claims. Based upon the *prima facie* evidence standard, Plaintiffs allege nothing that would permit this Court to assert specific jurisdiction over JPMC & Co.

      3.      **The Assertion of Jurisdiction Over JPMC & Co. Would Offend Traditional Notions of Fair Play And Substantial Justice.**

      11.      JPMC & Co. does not have contacts with Texas sufficient to permit the exercise of jurisdiction over it. Even where a nonresident defendant has minimum contacts with a forum state, however, the exercise of personal jurisdiction still must not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987). Those factors are:

> (1) The burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Wilson v. Belin*, 20 F.3d 644, 647 n. 3 (5th Cir. 1994).

      12.      While one might debate the degree of burden on JPMC & Co., all of the other "fairness" factors weigh against the exercise of personal jurisdiction. Only four of the plaintiffs are residents of Texas, only two are residents of Texas alone, and none of the defendants' alleged conduct took place here. Under the circumstances, Texas has a *de minimis* interest in

adjudicating this dispute, especially when compared with Washington (where Washington Mutual, Inc., was incorporated and had its main offices and where Washington Mutual Bank had its primary corporate offices), New York (where JPMC & Co. is headquartered), Delaware (where JPMC & Co. is incorporated), Ohio (where JPMC Bank has its home office), and the District of Columbia (the home of the FDIC and the locus of a currently pending related action between Washington Mutual, Inc. and the FDIC). Likewise, Plaintiffs' tales of corporate espionage includes alleged activities in New York, Seattle and Washington, D.C. They do not include any alleged conduct in Texas.

13.  The interests of the interstate judicial system also do not support the assertion of jurisdiction here. Plaintiffs' interest in relief can only be pursued via the administrative claims process Congress established under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). FIRREA provides the exclusive course for claims related to the transfer of a failed depository institution's assets. Only after exhausting that process may Plaintiffs even invoke the interstate judicial process – and if they were to choose to do so, they would be required to take action in Seattle or Washington, D.C., not in Texas. *See* 12 U.S.C.§ 1821(d)(6).

14.  No social policy supports the state or federal courts of Texas maintaining jurisdiction over a suit in which none of the underlying the action occurred in Texas and that Congress has determined should have been filed – if at all – in Seattle or the District of Columbia.

### C.  Plaintiffs' Attempts to Assert Jurisdictional Facts As to JPMC & Co. All Fall Short.

15. Perhaps realizing that their jurisdictional allegations as to JPMC & Co. would be inadequate, Plaintiffs attempted to meet their burden by improperly blurring the distinction between JPMC & Co. and JPMC Bank and by making unsupported assertions. And in moving to remand Plaintiffs made new jurisdictional allegations that also fall short.

16. *First*, Plaintiffs attempt to satisfy their burden by hiding in a collective definition the separate contacts (or lack of contacts) that their defendants have with Texas. As noted above, JPMC & Co. is a Delaware corporation, with its principal place of business in New York, and JPMC Bank is a national bank, chartered by the Office of the Comptroller of the Currency, with its main office in Columbus, Ohio. *See* Exhibit A at ¶10; Exhibit D (National Bank List) at p. 14; Exhibit E (Articles of Association); *see* 28 U.S.C. § 1348 (determination of citizenship of a national bank); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (same). Yet Plaintiffs refer to these two, separate entities collectively as "JPMC" or "Defendants" throughout their Original Petition and fail to distinguish between the actions of each. Exhibit A at p.1 & ¶¶10-11. JPMC Bank's contacts with the State of Texas are irrelevant to whether Plaintiffs have made a *prima facie* case of personal jurisdiction over the JPMC & Co, however, *see Calder*, 465 U.S. at 790, and so Plaintiffs are essentially left without any factual jurisdictional allegations tying JPMC & Co. to Texas.

17. *Second*, setting aside Plaintiffs' conflation of JPMC Bank and JPMC & Co, their thirty-two page Original Petition alleges only three contacts between JPMC & Co. and the State of Texas: (1) JPMC & Co. has a registered agent for service of process in Texas; (2) JPMC & Co. is authorized to do business in Texas; (3) JPMC & Co. "regularly and systematically transact[s] business in the state of Texas." Exhibit A at ¶¶10, 15. The latter claim is a

makeweight without factual support. *See* Exhibit A at ¶¶20-87 (fact section is wholly silent as to any activity by JPMC & Co. within the State of Texas). The assertion can be ignored. *See Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n.16 (5th Cir. 1996) (court need only credit the "non-conclusional factual allegations"). And on their face, neither the designation of a registered agent nor registration to do business in Texas supports a finding that JPMC & Co. is "present" for the purpose of establishing personal jurisdiction. *See Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. 1992) ("[w]hile ... being qualified to do business may on its face appear to be significant, it is of no special weight in evaluating general personal jurisdiction.").[3] No case prior to *Wenche Siemer* "supports the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction," *id.* at 182, and we have found only one since, in New Jersey, where the statute in question included consent-to-suit provisions.[4] Likewise, "no Texas state court has held that the [statute permitting non-residents to register with the Secretary of State] acts as a consent to jurisdiction over a corporation." *Id.* at 183.

18. ***Third***, Plaintiffs' Motion to Remand alleges that JPMC & Co. (1) was served with process in Texas via its registered agent; (2) paid taxes and designated a corporate agent in accordance with its registration to do business here; and (3) is the alter ego of JPMC Bank. Exhibit B at page 25. But these allegations likewise fall short. "To assert, as plaintiffs do, that mere service on a corporate agent automatically confers general jurisdiction displays a fundamental misconception of corporate jurisdictional principles." *Id.* at 183 (holding that such

---

[3] *See also Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745, 748 (4th Cir.); *accord Jones v. Family Inns, Inc.*, 1989 WESTLAW 57130, Cause No. 89-CV-0190 (E.D. La. 1989); *In re Mid-Atlantic Toyota Antitrust Litig.*, 525 F.Supp. 1265, 1278 (D. Md. 1981).

[4] *Sadler v. Hallsmith SYSCO Food Services*, 2009 WL 1096309 at *2 (D.N.J. 2009) (Pennsylvania and New Jersey corporate registration statutes expressly contain consent to jurisdiction provisions).

a concept "is directly contrary to the historical rationale of *International Shoe* [*Co. v. Washington*, 326 U.S. 310 (1945)]."). To support "fact" two, Plaintiffs point to Exhibit F of their Motion to Remand. Exhibit F does include a designation of a registered agent and also lists JPMC & Co.'s principal place of business as Delaware (a fact contradicted by their Original Petition and JPMC & Co.'s Special Appearance), but it does not support Plaintiffs' allegation that JPMC & Co. was subject to or did pay taxes here.

19.  Finally, Plaintiffs do not provide any specific allegations or evidence to support their bare assertion that JPMC & Co. operates JPMC Bank as its alter ego. Distinct entities are presumed to be separate and independent. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). The "presumption of institutional independence of related corporate entities may be rebutted by 'clear evidence,' which requires a showing of 'something beyond' the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident." *Id.* (citing *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)). To permit jurisdictional veil piercing, the plaintiff bears the burden of "proof of control by one corporation over the internal business operations and affairs of another corporation." *Id.* In determining whether a plaintiff asserting personal jurisdiction has overcome the presumption of corporate separateness, the Fifth Circuit "considers the following nonexhaustive factors: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities." *Id.* (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983)). Plaintiffs have failed to produce *prima facie* evidence on any of these

factors, much less the required "clear evidence." Given Plaintiffs' groundless accusations and their failure to support their alter ego claim, this Court must regard JPMC & Co. and JPMC Bank as separate entities. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("[e]ach defendant's contacts with the forum State must be assessed individually").

### III.  CONCLUSION AND PRAYER

20. JPMC & Co. is not a proper party to this action. Plaintiffs have not provided this Court with any basis to assert jurisdiction over JPMC & Co. Moreover, Plaintiffs' attempts to conflate JPMC Bank's contacts with JPMC & Co. by combining their names and Plaintiffs' baseless assertion that JPMC Bank is the alter ego of JPMC & Co. must be disregarded. While the Plaintiffs repeatedly assert that JPMC & Co. is subject to jurisdiction due to its having been served here, that argument has been rebuffed by the Fifth Circuit as a fundamental misconception of jurisdictional principles with respect to corporations. *See Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992). Without offices, property, records, employees, bank accounts, telephone numbers, or other contacts which would support general jurisdiction in Texas and without any factual allegation demonstrating a substantial connection between JPMC & Co.'s actions in the forum state and any of Plaintiffs' claims, this Court cannot exercise personal jurisdiction over JPMC & Co. consistent with due process. JPMC & Co. prays that the Court dismiss it from this suit.

Respectfully submitted,

By: /s/ Glen M. Boudreaux
Glen M. Boudreaux
State Bar No. 02696500
Federal Id. No. 4168
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4404
(713) 754-6712 - Fax
Email: gboudreaux@jw.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS JPMORGAN CHASE & CO.,
AND JPMORGAN CHASE BANK, N.A.

**OF COUNSEL:**
Maryellen Shea
State Bar No. 00793948
Federal Id. No. 33905
Chevazz Brown
State Bar No. 24059498
Federal Id. No. 946412
**JACKSON WALKER, L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax
mshea@jw.com
cbrown@jw.com

## CERTIFICATE OF SERVICE

    This is to certify that on this 11th day of May, 2009, a true and correct copy of the foregoing document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Mr. Andrew J. Mytelka
Greer, Hertz & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Telephone: (409) 797-3200
Facsimile: (409) 766-6424

Mr. Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
1000 Louisiana, Suite 2800
Houston, Texas 77002-5009

Mr. Aaron G. Fountain
DLA Piper LLP (US)
401 Congress Avenue, Suite 2500
Austin, Texas 78701-3799

_____
Glen M. Boudreaux