UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § <br> § <br> § <br> § CIVIL ACTION NO. 3:09-CV-00044 <br> § <br> § <br> § <br> § |

## PLAINTIFFS' NOTICE REGARDING COORDINATION OF DISCOVERY

Subject to and without waiving Plaintiffs' rights to remand or for venue in the District Court of Galveston, Texas, Plaintiffs respectfully file this Notice Regarding Coordination of Discovery (the "Notice").

1.  Plaintiffs by this Notice, expressly do not seek any relief from the Court, but instead seek, as a courtesy to the parties and the court system, to avoid duplication, inefficiency and multiple or repetitive productions of documents and witnesses with regard to the discovery sought in the above-styled case.

2.  Pending before the U.S. Bankruptcy Court for the District of Delaware in *In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (MFW), is Debtor's Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase Bank, N.A. (the "Motion"). The Motion is scheduled for a hearing on May 20, 2009.

3.  The Motion seeks discovery related to the misconduct of JPMorgan in the "Texas Action," which is the above-styled case, *American Nat'l Ins. Co. et al. v. JPMorgan Chase &*

1

*Co.* (the "Texas Action"). The discovery sought is exactly the same discovery that was served upon the Defendants in the Texas Action, but to which the Defendants have not responded pending the Plaintiffs' Motion for Remand.

4. In JPMorgan's response to the Motion, JPMorgan stated that it stands "ready, willing and able to proceed with discovery," and proposed that the parties develop a "coordinated discovery schedule" that "avoids duplication, inefficiency and multiple or repetitive productions of documents or witnesses." See *In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (MWF) (Bankr. D. Del.) (Doc. 1017, p. 7).

5. The Plaintiffs in the instant case agree that "coordinated discovery" regarding the issues raised in the Texas Action is reasonable and desirable. For that reason, the Plaintiffs stand ready, willing and able to coordinate discovery in the Texas Action with the Debtors' examination pursuant to Rule 2004.

6. The Plaintiffs are further willing to coordinate discovery after the instant case is remanded to the Texas State Court, in the District Court of Galveston County, Texas.

7. Plaintiffs have notified opposing counsel in the instant case and counsel for the Debtors and JPMorgan Chase Bank, N.A. in the Washington Mutual, Inc. bankruptcy case by the correspondence attached hereto as Exhibit A, and which is incorporated herein.

(Signature on next page)

GREER, HERZ & ADAMS, L.L.P.

By: *Andrew J Mytelka / by permission* *James Roquemore*
　　Andrew J. Mytelka
　　Attorney-in-Charge
　　State Bar No. 1476700
　　S.D. Tex. I.D. No. 11084
　　Joe A.C. Fulcher
　　State Bar No. 07509320
　　M. David Le Blanc
　　State Bar No. 00791090
　　Joseph R. Russo, Jr.
　　State Bar No. 24002879
　　Steve Windsor
　　State Bar No. 21760650
　　James M. Roquemore
　　State Bar No. 24058082
　　One Moody Plaza, 18th Floor
　　Galveston, Texas 77550
　　(409) 797-3200
　　(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on this 15th day of May, 2009, a true and correct copy of the foregoing document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

_____
James M. Roquemore

# EXHIBIT A

# GREER, HERZ & ADAMS, L.L.P.

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

JAMES M. ROQUEMORE*
(409) 797-3264
(409) 621-3264 (FAX)
jroquemore@greerherz.com
Galveston Office

*Licensed in Maryland

ONE MOODY PLAZA, 18TH FLOOR
GALVESTON, TEXAS 77550-7998
FAX (409) 766-6424

—

(409) 797-3200
(281) 480-5278 (HOUSTON)
www.greerherz.com

BAY AREA HOUSTON OFFICE:
2525 SOUTH SHORE BLVD., SUITE 203
LEAGUE CITY, TEXAS 77573
FAX (281) 538-3791

May 15, 2009

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010

Edward John "Jack" O'Neill, Jr.
DLA Piper L.L.P.
1000 Louisiana Street, Suite 2809
Houston, Texas 77002

Re: *American Nat'l Ins. Co., et al. v. JPMorgan Chase & Co.*, et al. 3:09-cv-00044, (S.D. Tex. Feb 16, 2009)

Dear Glen and Jack:

Attached you will find Plaintiffs' Notice Regarding Coordination of Discovery (the "Notice"). The Notice is filed subject to Plaintiffs' Motion for Remand and expressly does not seek any relief from the Court.

As you are aware, the Debtors in the U.S. Bankruptcy Court for the District of Delaware in *In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (MFW), filed a Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.1 Directing the Examination of JPMorgan Chase Bank, N.A. (the "Motion"). The Motion is scheduled for a hearing on May 20, 2009.

The Motion seeks discovery related to the misconduct of JPMorgan in the "Texas Action," which is our case, *American Nat'l Ins. Co. et al. v. JPMorgan Chase & Co.*, referenced above (the "Texas Action"). In fact, the discovery sought is exactly the same discovery that was served upon the Defendants in the Texas Action.

In JPMorgan's response to the Motion, JPMorgan stated that it stands "ready, willing and able to proceed with discovery," and proposed that the parties develop a "coordinated discovery schedule" that "avoids duplication, inefficiency and multiple or

Glen M. Boudreaux
Edward John "Jack" O'Neill, Jr.
May 15, 2009
Page 2

repetitive productions of documents or witnesses." See JPMorgan's Objection and Response to the Motion, p. 7. We write to express our support for JPMorgan's suggestion of "coordinated discovery" regarding the issues raised in the Texas Action. We, like JPMorgan, stand ready, willing and able to coordinate discovery in the Texas Action with the Debtors' examination pursuant to Rule 2004.

Note, however, that by offering to participate in coordinated discovery, the Plaintiffs do not submit, and will oppose any attempt by any party or intervenor to make the Plaintiffs submit to the jurisdiction or venue of any Court other than that of the Plaintiffs' chosen forum of the District Court of Galveston County, Texas. As is well briefed in Plaintiffs' Motion for Remand in the Texas Action and is evident from the Plaintiffs' Petition, the Plaintiffs' assert Texas state law claims for damages that were suffered particularly by Plaintiffs in the State of Texas, and which were caused by the Defendants. The causes of action against the Defendants do not constitute "claims" under the Financial Institutions Reform Recovery and Enforcement Act of 1989 and are not barred by federal law. That said, be assured that upon remand of this case to the District Court of Galveston County, Texas, the Plaintiffs will continue to cooperate in coordinating discovery in the most efficient and reasonable manner possible.

I intend to be present at the hearing on the Motion on May 20, 2009. If you have any questions or comments regarding this matter, I will be happy to discuss them at that time or at another time that is convenient to you.

Sincerely,

James M. Roquemore

Cc: Adam G. Landis (counsel for JPMC - Bankruptcy)
Neil R. Lapinski (counsel for WMI - Bankruptcy)