UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § § § § § § § § § | CIVIL ACTION NO. 3:09-CV-00044 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE OR DISMISS FOR IMPROPER VENUE AND JOINDER IN MOTION OF FDIC-RECEIVER TO TRANSFER OR DISMISS FOR IMPROPER VENUE [Instr. No. 15]**

Subject to and without waiving their rights to remand, Plaintiffs American National Insurance Company, *et al.*, ("Plaintiffs") file this Response to JPMorgan Chase Defendants' Motion to Transfer or Dismiss for Improper Venue and Joinder in Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue [Instr. No. 15] ("Defendants' Venue Motion" or the "Motion").

**NATURE OF DEFENDANTS' VENUE MOTION AND THE PROCEDURAL POSTURE OF THIS CASE**

Although Defendants' Venue Motion is characterized on the docket entry as "Motion to Dismiss for Improper Venue," and the Motion's heading, introductory paragraphs and conclusion mention "dismissal," Defendants fail to make any arguments concerning dismissal of the action. *See Motion* at 2-10. Because Defendants fail to set forth any reasons for dismissal, Defendants' Venue Motion should not be considered a motion to dismiss for improper venue, but instead solely as a request for transfer of venue.

1

Defendants' Venue Motion has two parts which may be considered two separate motions inasmuch as the two parts seek conflicting results. The first part is a "me too" motion in support of the Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue [Instr. No. 5] asking the Court to transfer this action to an FDIC receivership proceeding. The second part requests a "convenience" transfer under 28 U.S.C. § 1404(a) for consolidation with a completely different proceeding than that specified in the first part of the Venue Motion. Defendants' argument for a section 1404(a) transfer shows, at most, that there are numerous places where this action could properly have been brought. In sum, Defendants' 172-page motion (when including exhibits) fails to demonstrate that this action should be transferred or dismissed.

The Motion, however, does highlight that the threshold issue in this case is that of subject matter jurisdiction as presented in Plaintiffs' Motion to Remand [Instr. No. 10] and argued to some extent in all submissions to the Court. The determinative question: whether the FDIC is a proper intervening party such that the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") applies. If the FDIC is not a proper intervenor, the case must be remanded for lack of subject matter jurisdiction. Thus, although the Court has discretion concerning the sequence it rules on pending motions, logic and well-established decisional law suggests that Plaintiffs' remand motion, which determines whether the Court's may exercise subject matter jurisdiction, should be ruled on first. *See, e.g., Roland v. Jumper Creek Drainage Dist.*, 4 F.2d 719, 721, 1925 U.S. Dist. Lexis 981, *7 (S.D. Fla. 1925) (motion to remand must first be decided because, if that motion is granted, this court would have no jurisdiction); *Mid Kansas Federal Savings & Loan Ass'n v. Orpheum Theater Co., Ltd.*, 810 F. Supp. 1184, 1188 (D. Kan. 1992) (in a case where the Resolution Trust Corporation was a party and the application of FIRREA was an issue, "The court must first

decide the motions to remand submitted by the defendants . . . because the defendants argue therein that this court does not have subject matter jurisdiction."); *Greco v. Hingle,* 2000 U.S. Dist. Lexis 17392, *6 (E.D. La. Nov. 30, 2000) ("the Court finds that judicial economy would be served by deciding the Motion to Remand first."); *Kennedy v. Health Options, Inc.,* 329 F. Supp. 2d 1314, 1315 (S.D. Fla. 2004) ("While there are other motions pending before the Court in the above captioned action, the Court must decide the Motion to Remand first, as it involves the Court's subject matter jurisdiction."); *Valentine v. Ford Motor Co.,* 2003 U.S. Dist. Lexis 24213, *4-5 (S.D. Ind. Nov 21, 2003) ("the court first decides Plaintiffs' Motion to Remand") (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir. 1992); *Conk v. Richards & O'Neil, LLP,* 77 F. Supp. 2d 956, 958 (S.D. Ind. 1999); *Brantley v. Vaughan,* 835 F. Supp. 258, 261-62 (D.S.C. 1993)); s*ee also In re Tidewater Lodging Group LLC,* 2009 Bankr. Lexis 926, *4 (Bankr. S.D. Fla. Apr. 3, 2009) (when faced with a motion to remand and related motions, a bankruptcy court should decide the remand motion first because it is dispositive) (citing *In re Santa Clara County Child Care Consortium,* 223 B.R. 40, 44 (1st Cir. 1998); *In re W.S.F. – Worldwide Sports Fans, LLC,* 367 B.R. 786, 791 (Bankr. D.N.M. 2007)).

## **DEFENDANT'S "ME TOO" MOTION**

The first half of Defendants' Venue Motion is devoted to arguing the FIRREA applies to this action. *See Motion* at 2-6. Defendants' arguments can best be described as sound bites taken from, or in support of, the more comprehensive JPMorgan Chase Defendants' Opposition to Plaintiffs' Motion to Remand [Instr. No. 16] filed the same day that Defendants filed their Venue Motion. The question of whether the FDIC is a proper intervenor is discussed in the briefings addressing

Plaintiffs' remand motion. In these briefings, Plaintiffs demonstrate that the FDIC is not a proper intervening party and that this action should be remanded to state court.

### DEFENDANTS' "CONVENIENCE TRANSFER" MOTION

The second half of Defendants' Venue Motion argues that transfer is appropriate under 28 U.S.C. § 1404(a), which allows a court to transfer venue for "the convenience of the parties and witnesses and in the interest of justice." *See Motion* at 6-10. In this part of their Venue Motion, Defendants argue that, even with venue proper in this Court, this action should be transferred and consolidated with an action in Washington D.C. *completely different* from the FDIC receivership action Defendants claimed as the proper venue in the "me too" portion of their Venue Motion. Further, Defendants' admit they *are not even parties* to the action to which they seek transfer; rather, Defendants are merely potential intervenors.

Oddly, Defendants do not argue that this matter should be transferred to New York, where both Defendants are headquartered; rather Defendants want the case transferred to "an action pending in the District of Columbia to which the FDIC and Washington Mutual, Inc., WNB's former parent, are parties, and in which JPMC & Co. has moved to intervene." *Motion* at ¶ 10. There are numerous flaws in Defendants' venue transfer arguments, and the request for transfer of venue pursuant to section 1404(a) should be denied.

First, the convenience of the parties and witnesses will not be enhanced by transferring this action to Washington, D.C. Plaintiffs have agreed to coordinate discovery in this action with the Washington D.C. action to the degree discovery here overlaps with discovery in the Washington, D.C. action. *See Plaintiffs' Notice Regarding Coordination of Discovery* [Instr. No. 20]. Thus, the conveniences of the witnesses will not be promoted by transferring this case from the Southern

District of Texas to Washington D.C.

Second, Defendants refuse to acknowledge that "it is well settled that the plaintiff is the master of his complaint." *See Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) (holding that the plaintiff is the master of the complaint for purposes of determining federal question jurisdiction and may choose not to assert federal causes of action that he or she would by law be entitled to assert). Plaintiffs allege only Texas state law causes of action. Defendants do not allege, because they cannot allege, that any Texas state law claims, much less the specific Texas state law claims alleged in Plaintiffs' petition, have been brought in the Washington, D.C. lawsuit to which Defendants want the instant action transferred and consolidated. Defendants' attempt to characterize Plaintiffs' causes of action as claims against the FDIC, or claims against Washington Mutual, should be rejected because the Plaintiffs, not the Defendants, are the masters of claims made in the petition. Plaintiffs' bring only Texas state law causes of action, and they bring them solely against Defendants based upon Defendants' tortious conduct.

Third, Defendants erroneously suggest that Plaintiffs' choice of venue should not be given any deference because a convenient forum already exists in Washington, D.C. *See Motion* at ¶ 10. In this Circuit, the plaintiff's choice of venue is entitled to appropriate deference when considering a venue transfer under section 1404(a). *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), *cert. denied*, 2009 U.S. Lexis 1555 (Feb. 23, 2009). Defendants allege as a factor purportedly favoring transfer that "just four of the nine plaintiffs can claim to be Texas residents." This fact, however, supports Plaintiffs' allegations that injury caused by Defendants' conduct occurred in Texas. Further, the decisions to enter into investment contracts for all Plaintiffs, except National

5

Western Life Insurance Company, are made in League City, Texas. *See Exhibit A.* As Defendants are aware, National Western Life Insurance Company is a Texas resident with its headquarters in Austin. *Plaintiffs' Original Petition* at ¶ 8. Plaintiffs' choice of forum accordingly should be given great deference because all the effects of, and injury caused by, Defendants' tortious conduct alleged in the Plaintiffs' petition occurred, at least in part, in Texas.

Interestingly, Defendants note that witnesses could be located or venue could be proper in several states: Texas, New York, Nevada, Washington and Ohio. *See Motion* at ¶ 12. Considering all relevant factors, Plaintiffs' choice of venue should not be disturbed.

## PRAYER

Plaintiffs pray that the Court rule on Plaintiffs' Motion to Remand before considering Defendants' Venue Motion and pray that the Court remand this action to the District Court of Galveston County, Texas. In the alternative, Plaintiffs pray that the Court deny, in its entirety, Defendants' Motion to Transfer or Dismiss for Improper Venue, and Joinder in Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue.

Respectfully submitted,

GREER, HERZ & ADAMS, L.L.P.

By: _____
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 1476700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on June 1, 2009 a copy of this document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650

_____
Steve Windsor

# EXHIBIT A

## AFFIDAVIT OF GREGORY S. GARRISON

Before me appeared Gregory S. Garrison and upon his oath, duly administered, stated the following:

1.  My name is Gregory S. Garrison. I am over 21 years of age, have never been convicted of a felony or crime involving moral turpitude, am otherwise competent to make this affidavit, and have personal knowledge of the facts stated in this affidavit.

2.  I am a partner at the law firm Greer, Herz & Adams, L.L.P., general counsel to American National Insurance Company ("American National"). I am the lead attorney of the transactional law section at the law firm, and I am familiar with American National and its subsidiaries.

3.  American National has entered into Service Agreements with the following indirect wholly-owned subsidiaries:

    (a) American National Property and Casualty Company,

    (b) American National General Insurance Company,

    (c) Pacific Property and Casualty Company, and

    (d) Garden State Life Insurance Company.

Pursuant to such Service Agreements, American National provides various administrative and clerical services to the above-named subsidiaries, including comprehensive investment services.

1

4.   In addition, American National has entered into an Investment Management Agreement or an Investment Advisory Agreement with the following indirect wholly-owned subsidiaries:

    (a) Farm Family Life Insurance Company, and

    (b) Farm Family Casualty Insurance Company.

Pursuant to these agreements, American National acts as investment adviser to the above-named Farm Family subsidiaries and is authorized to "subcontract with any third party, affiliated or unaffiliated, for the performance of investment advisory services" requested by the above-named Farm Family subsidiaries.

5.   Securities Management and Research, Inc. ("SM&R"), a wholly-owned subsidiary of American National, entered into an Investment Advisory Agreement with American National, dated January 1, 1987, (the "1987 Agreement"). Pursuant the 1987 Agreement, SM&R acts as investment adviser to American National.

6.   The personnel for American National and SM&R involved in managing the investments for the above-named companies pursuant to the agreements specified herein are principally located at offices in League City, Texas.

*/s/ Gregory S. Garrison*
Gregory S. Garrison

    **SWORN** and **SUBSCRIBED** to before me by Gregory S. Garrison on June 1, 2009.



*/s/ Louise Van Zandt*
**Notary Public in and for the State of Texas**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § <br> § <br> § <br> §    CIVIL ACTION NO. 3:09-CV-00044 <br> § <br> § <br> § <br> § |

## ORDER

Before the Court is JPMorgan Chase Defendants' Motion to Transfer or Dismiss for Improper Venue and Joinder in Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue [Instr. No. 15]. The Court has considered the record and the arguments of counsel and finds that the Motion is without merit. It is, therefore,

ORDERED that JPMorgan Chase Defendants' Motion to Transfer or Dismiss for Improper Venue and Joinder in Motion of Intervenor-Defendant FDIC-Receiver to Transfer or Dismiss for Improper Venue [Instr. No. 15] is hereby DENIED.

DATED this _____ day of June, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE