IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>FDIC, as Receiver for Washington Mutual Bank, Henderson, Nevada, et al.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 3:09-CV-00044<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPLY IN SUPPORT OF JPMORGAN CHASE & CO.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

JPMorgan Chase & Co. ("JPMC & Co.") moved to dismiss because the Court lacks personal jurisdiction over it. In response, Plaintiffs were obligated to demonstrate that they had pleaded facts from which they could build a *prima facie* case that jurisdiction exists. *See Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). They have not done so. Instead, Plaintiffs: (1) baldly and wrongly assert that JPMC & Co. can be treated for jurisdictional purposes as one and the same as JPMorgan Chase Bank, NA. ("JPMC Bank"); (2) do not allege any legally relevant or sufficient grounds on which the Court could base an assertion of specific jurisdiction over JPMC & Co.; and (3) make allegations of general jurisdiction without basis in fact or law. Under the circumstances, JPMC & Co.'s motion to dismiss should be granted.[1]

---

[1] Plaintiffs and JPMC & Co. appear to agree that the Court can first consider the question of whether the Court has jurisdiction of this matter under FIRREA and whether to dismiss or transfer the case to the United States District Court for the District of Columbia. JPMC nevertheless remains steadfast in its belief that Plaintiffs cannot establish personal jurisdiction over it, that it should be dismissed from the case, and, therefore, that the Court also has diversity jurisdiction of the matter under 28 U.S.C § 1332.

I. DISCUSSION

A. **Plaintiffs Veil Piercing and Alter Ego Arguments Are Without Merit, and JPMC & Co.'s Contacts with Texas Must Be Considered Independently of JPMC Bank.**

(i) Plaintiffs' Complaint Improperly Conflates JPMC & Co. with JPMC Bank.

1. JPMC & Co. is a holding company, both formally and operationally independent of its various subsidiaries, including JPMC Bank. The Plaintiffs' Original Petition nevertheless fails to differentiate between these two separate legal entities, referring to both parties jointly as "JPMC."[2] Under long-standing Supreme Court precedent, the Plaintiffs' conflation of separate entities and failure to separately set forth a single jurisdictional allegation as to JPMC & Co. in their Original Petition makes meaningful analysis of personal jurisdiction impossible, warranting dismissal of JPMC & Co.

2. "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). In *Rush*, the Supreme Court stated that the lower court improperly considered

> the "defending parties" together and aggregate[d] their forum contacts in determining whether it had jurisdiction. The result was the assertion of jurisdiction over Rush based solely on the activities of State Farm. Such a result is plainly unconstitutional.

*Rush*, 444 U.S. at 332. "The requirements of *International Shoe*, [] must be met **as to each defendant** over whom a state court exercises jurisdiction." *Id.* (*emphasis added*). Here, Plaintiffs' reference to JPMC & Co. and JPMC Bank as "JPMC" prevents the Court from even evaluating each separate Defendants' contacts with Texas and thus renders their jurisdictional allegations insufficient as a matter of law.

---

[2] *See* Exhibit A to JPMC & Co.'s Motion to Dismiss at p. 1 (stating that the Plaintiffs refer to the JPMC Defendants "collectively").

3. In similar contexts, both the Southern District of Texas and the Tenth Circuit Court of Appeals have held that a pleader's failure to differentiate between the actions of two separate defendants warrants dismissal. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1253 (10th Cir. 2008) (plaintiff's failure "to differentiate among individual defendants and specify which defendants are alleged to have taken which particular actions," was fatal to its equal protection claim; plaintiff's attempt to treat separate defendants jointly could not satisfy the *Twombly* plausibility standard); *see Hibbard, O'Connor & Weeks, Inc. v. Osborne*, 1980 WL 1147 at *5 (S.D. Tex. October 28, 1980) (not reported in the Federal Supplement) (where the plaintiff "fail[ed] to differentiate between those Defendants with a duty to disclose information and those who may merely have aided and abetted them..." certain claims were subject to dismissal); *see also Ryan v. Whitehurst*, 2008 WL 1967507 (W.D. Tex. May 1, 2008) (not reported in the Federal Supplement Second) (applying the *Twombly* standard to personal jurisdiction challenges and dismissing each defendant after analyzing their alleged contacts in light of *Twombly*'s plausibility standard).[3]

4. Given *Rush* and the general directive that the actions of each defendant must be separately delineated, the Plaintiffs failure to plead jurisdictional facts regarding JPMC & Co. separately from JPMC Bank warrants dismissal of JPMC & Co.

(ii) <u>Plaintiffs' Veil Piercing and Alter Ego Claims Are Without Merit</u>

5. Plaintiffs now oppose JPMC & Co.'s Motion to Dismiss based on claims (nowhere to be found in their original Petition) that JPMC & Co. is the alter ego of or a single

---

[3] Texas courts apply the same rule. In the closest case on this issue, the Texarkana Court of Appeals held that where the plaintiff's statutorily required expert report to support its medical malpractice action failed to differentiate between the conduct of two physicians and contained no specific information with respect to the physician challenging the report, the report was not a good faith effort as required by law. *Longino v. Crosswhite ex rel. Crosswhite*, 183 S.W.3d 913, 917 (Tex. App.—Texarkana 2006, no pet.). On remand, the trial court was required to either dismiss the action or permit the plaintiff to amend the report. *Id.*

business enterprise with JPMC Bank. Plaintiffs are wrong. The single business enterprise theory is not valid, and Plaintiffs have not made a showing sufficient to rebut the presumption that the entities are distinct.

6. In *SSP Partners and Metro Novelties, Inc. v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444 (Tex. 2008), the Supreme Court of Texas confirmed that it had never approved of the single business enterprise theory and held that it is not valid in Texas. The Southern District of Texas has since recognized that holding. *Guzman v. Mem'l Hermann Hosp. Sys.*, 2008 WL 5273713 at *1, *10 (S.D. Tex. Dec. 17, 2008) ("Texas law does not recognize the single business enterprise theory;" where plaintiff asserted personal jurisdiction existed pursuant to alter ego and single business enterprise theories, "[r]ecent Texas case law show[ed] that the relevant inquiry is under the alter ego theory" alone).

7. As a result, Plaintiffs' claims are limited to an assertion that JPMC & Co. and JPMC Bank are alter egos. But "[c]ourts have long presumed the institutional independence of related corporations… when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). As a result, clear evidence is required to overcome this presumption of separateness. *Id.* Plaintiffs' Response has not set out any admissible evidence, let alone the required clear evidence, on any of the seven *Hargrave* factors for assessing alter ego.[4] Plaintiffs' suggestion that JPMC & Co.'s discussion of its subsidiary's operations in an investor presentation or press release establishes an alter ego relationship would – if accepted – undermine and eventually nullify the corporate separateness doctrine. Plaintiffs' pleading and

---

[4] *See* JPMC & Co.'s Motion to Dismiss at p. 10 for a discussion of these factors.

proof gaps ease the Court's analytical burden: the presumption stands, JPMC & Co. cannot be considered JPMC Bank's alter ego.

B.   <u>Plaintiffs Have Not Offered Any Support for the Assertion of Specific Jurisdiction Over JPMC & Co.</u>

8.   Plaintiffs have not alleged specific jurisdiction. "A court may exercise specific jurisdiction when … the controversy arises out of or is related to the defendant's contacts with the forum state." *Guzman v. Mem'l Hermann Hosp. Sys.*, 2008 WL 5273713 at * 6 (S.D. Tex. Dec. 17, 2008). Beyond Plaintiff's alter ego claim, neither their Original Petition, <u>nor</u> their Motion for Remand, nor their Response alleges any evidence, facts, or bare allegations that this controversy arises out of or is related to any contact by JPMC & Co. with the State of Texas. As such, the Plaintiffs have waived any need for this Court to perform an analysis of specific jurisdiction. Moreover, even in their alter ego claims Plaintiffs assert only that JPMC & Co. engaged in activities that give rise to their claims. *See* Opp. at 6-7. They make no effort to assert that JPMC & Co. undertook these alleged acts in or even with an eye towards Texas. And the happenstance that some of the Plaintiffs are Texas insurance companies is insufficient to give rise to specific jurisdiction over JPMC & Co. because specific jurisdiction requires that the action arise out of the *nonresident defendant's contact with the forum state*, not the Plaintiffs' activities. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 289-291, 297 (1980). Texas simply has no unique relationship to the Plaintiffs' claims sufficient to support the assertion of specific jurisdiction over JPMC & Co.

C.   <u>Plaintiffs Have Not Offered Any Support for the Assertion of General Jurisdiction Over JPMC & Co.</u>

9.   Plaintiffs offer three bases for asserting general jurisdiction over JPMC & Co. None is credible.

10.     *First*, Plaintiffs cite an investor presentation in which JPMC & Co. discusses the operations of subsidiary JPMC Bank within the State of Texas. This evidence does not support the inference that JPMC & Co., a formally and operationally separate entity, is *itself* continuously or systematically in contact with the State of Texas. Nor does the investor presentation support the Plaintiffs' alter ego claim, as it does not provide evidence (much less clear evidence) of any of the *Hargrave* factors. And the presentation's reference only to JPMC Bank is simply not relevant to the jurisdictional analysis. Moreover, the similar trade names of JPMorgan Chase & Company and JPMorgan Chase Bank, N.A. cannot weigh in favor of finding alter ego. "Whether two related entities share a common name, however, does not affect whether each has sufficient contacts with the forum for jurisdictional purposes." *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007); *see also Guzman* at *10 (listing common naming as a factor under the rejected single business enterprise theory) (citing *PHC-Minden* and *Hargrave* for the applicable alter ego factors).

11.     *Second*, Plaintiffs cite two Texas state court opinions for the proposition that registering to do business in the state constitutes consent to jurisdiction here. *See* Plaintiffs' Opp. at 9 (citing *Goldman v. Pre-Fab Transit Co.*, 520 S.W.2d 597 (Tex. App.—Houston [14th Dist.] 1975, no writ); *Acacia Pipeline Corp. v. Champlin Exploration Corp.*, 769 S.W.2d 719 (Tex. App.—Houston [1st Dist.] 1989, no writ)). One of these cases is 20 years old, the other more than 30, and both are prior to the binding decision in *Wench Siemer*, in which the Fifth Circuit concluded that Texas law does not equate designation of a registered agent or registration to do business in Texas with consent to jurisdiction and does not "suffice[]to satisfy the criteria for the exercise of general jurisdiction." *See Wench Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181-82 (5th Cir. 1992).

12.     ***Third***, Plaintiffs allege that JPMC & Co. pays taxes to the State of Texas.  That allegation does not even appear in Plaintiffs' Original Petition.  Moreover, Plaintiffs support the claim with an affidavit from Plaintiffs' counsel, James M. Roquemore, in which Mr. Roquemore testifies that he spoke with a representative of the Texas Secretary of State's Office and that "[t]he representative stated that JPMorgan Chase & Co. had paid taxes to the State of Texas and was current as of that date."  Exhibit A to Plaintiffs' Response at ¶ 5.  The affidavit is rank hearsay, should be stricken from the record, and thus does not create any evidentiary conflicts that favor the Plaintiffs.  *See Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 326 n.16 (5th Cir. 1996).

## II. CONCLUSION AND PRAYER

For the foregoing reasons, as well as those presented in JPMC & Co.'s Motion to Dismiss for Lack of Personal Jurisdiction, JPMC & Co. respectfully prays that this Court dismiss it from this action and grant JPMC & Co. such other and further relief to which it may be justly entitled.

Respectfully submitted,

By:  /s/Glen M. Boudreaux
Glen M. Boudreaux
State Bar No. 02696500
Federal Id. No. 4168
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
(713) 752-4404
(713) 754-6712 - Fax
Email:  gboudreaux@jw.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS JPMORGAN CHASE & CO.,
AND JPMORGAN CHASE BANK, N.A.

OF COUNSEL:
Maryellen Shea
State Bar No.00793948
Federal Id. No. 33905
Chevazz Brown
State Bar No. 24059498
Federal Id. No. 946412
**JACKSON WALKER, L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
(713) 752-4200
(713) 752-4221 – Fax
mshea@jw.com
cbrown@jw.com

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of June, 2009, a true and correct copy of the foregoing document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Mr. Andrew J. Mytelka
Greer, Hertz & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Telephone: (409) 797-3200
Facsimile: (409) 766-6424

Mr. Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
1000 Louisiana, Suite 2800
Houston, Texas  77002-5009

Mr. Aaron G. Fountain
DLA Piper LLP (US)
401 Congress Avenue, Suite 2500
Austin, Texas  78701-3799

/s/Glen M. Boudreaux
Glen M. Boudreaux