UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

AMERICAN NATIONAL INSURANCE   §
COMPANY, et al,   §
     Plaintiffs,   §
  §  CIVIL ACTION NO. 3:09-CV-00044
vs.   §
  §
JPMORGAN CHASE & CO., et al.   §
     Defendants   §

## NOTICE

Plaintiffs, American National Insurance Company, et al. ("Plaintiffs"), give notice of authority relevant to their Motion for Remand and the FDIC's Motion to Transfer Venue, both of which are pending before the Court

Specifically, on June 24, 2009, the United States Bankruptcy Court for the District of Delaware, in a case examining the same issues as those before this Court, held that the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821(d)(13), is not a jurisdictional bar to "claims to property that is no longer in the hands of the FDIC as receiver, but [is] in the hands of JPMC." See Excerpt of Transcript of Hearing Before the Honorable Mary F. Walrath, United States Bankruptcy Court Judge, held on June 24, 2009, p. 93, attached to this Notice as Exhibit A.

Judge Walrath found that it was "clear" that:

Firrea only bars claims against a receiver or an institution in receivership. The FDIC argued this same point in the *Henrich* case in the Ninth Circuit, arguing before the Supreme Court that Firrea is not applicable to a suit against a private party assignee of assets from FDIC.

And I'm not prepared to find that the Firrea bar, bars any claims, or any dispute over what assets were transferred. And I just don't think that, despite the FDIC's predictions, I don't think that it is going to cause institutions not to deal with the FDIC.

Exhibit A, p. 93-94.

Judge Walrath issued this ruling in the context of denying the motions filed by two litigants common to the instant lawsuit – JPMorgan Chase Bank, National Association ("JPMC"), and the Federal Deposit Insurance Corporation ("FDIC") – to stay the adversarial proceedings. *In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (Bankr. D. Del. 2008) (Walrath, J.), (*JPMorgan Chase Bank, National Association v. Washington Mutual, Inc. et. al.*, Adv. Proc. No. 09-50551; *Washington Mutual, Inc. et. al. v. JPMorgan Chase Bank, National Association*, Adv. Proc. No. 09-50934). Counsel of record for the FDIC in the instant case, John J. Clarke, Jr., participated in the June 24, 2009 hearing. See Exhibit A, p. 94-96. JPMC and the FDIC have filed notices of appeal and, alternatively, motions for leave to appeal, relating the ruling of Judge Walrath.

The portion of the transcript containing Judge Walrath's ruling from the bench on June 24, 2009 is attached as Exhibit A. The written orders effectuating the ruling are attached as Exhibits B and C.

Respectfully submitted,


GREER, HERZ & ADAMS, L.L.P.


By: *Andrew J. Mytelka with Pension*
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 1476700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on July 16, 2009 a copy of the this document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650

_____
James M. Roquemore

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF DELAWARE

```
IN RE:                          )
                                )
                                )   Bankruptcy Action
WASHINGTON MUTUAL, INC.,        )   Case No. 08-12229(MFW)
et al.,                         )
                                )   Chapter 11
            Debtors,            )
_____)
JPMORGAN CHASE BANK,            )
NATIONAL ASSOCIATION,           )
                                )   Adv. Pro. No. 09-50551(MFW)
            Plaintiff,          )
v.                              )
                                )
WASHINGTON MUTUAL, INC.         )
AND WMI INVESTMENT CORP.,       )
                                )
     Defendant for all          )
     claims                     )
                                )
            and                 )
                                )
FEDERAL DEPOSIT INSURANCE       )
CORPORATION,                    )
                                )
     Additional Defendant       )
     for Interpleader           )
     claim                      )
_____)
WASHINGTON MUTUAL, INC.,        )
AND WMI INVESTMENT CORP.,       )   Adv. Proc. No. 09-50934
                                )
            Plaintiffs,         )
v.                              )
                                )
                                )
JPMORGAN CASH BANK,             )
NATIONAL ASSOCIATION,           )
                                )   Wilmington, DE
            Defendant.          )   June 24, 2009
                                )   10:38 a.m.
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:

BRIAN ROSEN, ESQUIRE
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

MIKE CARLINSKY, ESQUIRE
SUSHEEL KIRPALANI, ESQUIRE
PETER CALAMARI, ESQUIRE
Quinn Emanuel Urquhart Oliver &
Hedges
51 Madison Avenue, 22nd Floor
New York, New York

MARK COLLINS, ESQUIRE
CHUN L. JANG, ESQUIRE
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RAFAEL ZAHRALDDIN, ESQUIRE
Elliott, Greenleaf
1105 North Market St.
Wilmington, Delaware 19801

For WMI Bond Holders:

PAUL O'CONNOR, ESQUIRE
Kasowitz, Benson, Torres & Friedman
1633 Broadway
New York, New York 10019

JEFFREY M. SCHLERF, ESQUIRE
Fox Rothschild LLP
919 N. Market Street, Suite 1600
Wilmington, DE 19801

For Official Committee
of Unsecured Creditors:

DAVID STRATTON, ESQUIRE
LAURENCE SHICKMAN, ESQUIRE
Pepper, Hamilton
Hercules Plaza
1313 Market Street, Suite 5100
Wilmington, Delaware

FRED HODARA, ESQUIRE
ROBERT JOHNSON, ESQUIRE
Akin Gump Strauss Hauer & Feld LLP
1 Bryant Park
New York, New York

(Appearances Continued)

For FDIC:

THOMAS CALIFANO, ESQUIRE
JOHN CLARKE, ESQUIRE
DLA Piper, LLP
1251 Avenue of the Americas
New York, New York 10020

BLAKE CLEARY, ESQUIRE
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

For JPMorgan Chase Bank:

ROBERT SACHS, ESQUIRE
BRUCE CLARK, ESQUIRE
HYDEE FELDSTEIN, ESQUIRE
Sullivan & Cromwell, LLP
1888 Century Park East
Los Angeles, California 90067-1725

ADAM LANDIS, ESQUIRE
Landis, Rath & Cobb
919 Market Street
Wilmington, Delaware 19899

Audio Operator:

Brandon McCarthy

Transcribed by:

DIANA DOMAN TRANSCRIBING
P.O. Box 129
Gibbsboro, New Jersey  08026-129
PHONE:  (856)435-7172
FAX:    (856) 435-7124
Email:  Dianadoman@comcast.net

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

Ruling                                    Page 93

1   assertions.

2          I just want to make the observation, which I'm sure

3   is not lost on Your Honor, that to file a motion to withdraw

4   the reference at midnight on the night before this hearing, in

5   a case in which you've been a party for months and months, and

6   have filed proofs of claims and your own adversary proceeding,

7   and now to stand up, as they do in their papers and say, Judge,

8   it wasn't until like a week ago that the scales fell from our

9   eyes, and we realized that, you know, the issues we asserted as

10  Chase and the counterclaims that you asserted and the turnover

11  proceeding, it just struck us that these are all bound up in

12  Federal law, so let's withdraw the reference.

13         To me, this was the most transparent gamesmanship

14  that I've seen in a while, and it just reflects, (a) their lack

15  of conviction in their arguments, and, (b) an inexplicable

16  desire to run from this Court and to ultimately bind us up in

17  more, and more, and more delay.  Thank you, Judge.

18         THE COURT:  Thank you.  All right.  Well let me issue

19  my ruling with respect to this.  First, I do not find _Firrea_ is

20  a jurisdictional bar to the debtors' claims to property that is

21  no longer in the hands of the FDIC as receiver, but are in the

22  hands of JPMC.  I think that's clear from the Third Circuit

23  law, which is binding on this Court.

24         _Hudson_ made it clear that _Firrea_ only bars claims

25  against a receiver or an institution in receivership.  The FDIC

Ruling                                    Page 94

1   argued this same point in the Henrich case in the Ninth

2   Circuit, arguing before the Supreme Court that Firrea is not

3   applicable to a suit against a private party assignee of assets

4   from FDIC.

5          And I'm not prepared to find that the Firrea bar,

6   bars any claims, or any dispute over what assets were

7   transferred.  And I just don't think that, despite the FDIC's

8   predictions, I don't think that it is going to cause

9   institutions not to deal with the FDIC.

10         I think the Firrea jurisdictional bar is limited.

11  And simply is not applicable to the turnover action where the

12  debtor asserts that it has title to funds in the possession of

13  JPMC.

14         Similarly, to the extent in the counterclaims in the

15  JPMC adversary, the debtor is asserting a claim against JPMC to

16  assets that the debtor claims are property of the estate, for

17  various reasons, and I won't get into the legal theories, I

18  think that Firrea does not bar it.

19         With respect to the First Filed Rule, I don't think

20  it applies in this case, either.  The two actions are not

21  between the same parties dealing with the same claims.

22         The action in the D.C. Court is between the debtor

23  and the FDIC, and involves claims the debtor has against the

24  FDIC, which it could not bring here, because they must be

25  brought in the D.C. Court.

Ruling                                    Page 95

1    The actions here involve claims against JPMC, which

2    is not an institution in receivership.  And while they may be

3    similar, or based on the same facts, they are distinct claims

4    against distinct parties.  And, therefore, I'm not inclined,

5    under the First Filed Rule to defer to the D.C. Court.

6    As much as I might wish to defer to another Court,

7    unfortunately, I do have exclusive jurisdiction to decide what

8    is property of the estate.  If I determine that the property at

9    issue is property of the estate, then this Court has exclusive

10   jurisdiction over that property, and over claims,

11   counterclaims, other claims against the estate.

12   If I determined it is not property of the estate, I

13   may, in my discretion, defer to the District Court, or to any

14   other Court to decide the countervailing claims to that

15   property.  But I think, in the first instance, I have to decide

16   whether what the debtors are asserting is that they own the

17   property, or whether the debtors simply assert a claim against

18   a party.

19   So I'm going to deny the motion to stay the turnover

20   action and the JPMC actions.  I guess we have to then go onto

21   what's next.

22   MR. CLARKE:  Your Honor --

23   THE COURT:  Yes.

24   MR. CLARKE:  -- my name's John Clarke, I'm Mr.

25   Califano's partner from DLA Piper, counsel for the FDIC

Colloquy                    Page 96

1    receiver.

2         THE COURT:  Yes.

3         MR. CLARKE:  The FDIC receiver believes that Your

4    Honor's ruling implicates subject matter jurisdiction concerns

5    and is appealable as of right.  But in the alternative, the

6    FDIC receiver respectfully requests that the Court certify this

7    ruling for an interlocutory appeal pursuant to 1292(b), because

8    it involves a controlling question of law as to a substantial

9    disagreement may exist.

10        And we would like to take an immediate appeal of that

11   decision to the District Court.

12        THE COURT:  Response?

13        MR. CARLINSKY:  Your Honor, I would think that if

14   there is a 1292 motion being brought, it ought to be briefed.

15   I'm just stating that there is a significant issue as to which

16   there is disagreement doesn't make it so.

17        And I would respectfully ask that Your Honor setup a

18   briefing schedule.  It may be expedited, and we don't have

19   objection to that, but let's do it right.  And let's do it

20   right, and let's do it on the papers.  And my suggestion would

21   be, if they want to file the brief, we'll take 5 days to

22   respond, and then Your Honor could decide that issue, whether

23   it's going -- whether the Court's going to certify the issue

24   for immediate appeal.

25        MR. CLARKE:  Your Honor, if I might be heard in that

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x

*In re:*                                          :          Chapter 11
                                                  :
**WASHINGTON MUTUAL, INC., et al.,**[1]           :          **Case No. 08-12229 (MFW)**
                                                  :
                                                  :          **(Jointly Administered)**
**Debtors.**                                      :
                                                  :
---------------------------------------------x
                                                  :
**JPMORGAN CHASE BANK**                            :
**NATIONAL ASSOCIATION,**                          :          **Adv. Pro. No. 09-50551 (MFW)**
                                                  :
**Plaintiff,**                                     :
                                                  :
v.                                                :
                                                  :
**WASHINGTON MUTUAL, INC. AND**                    :          *Re: 65 & 25*
**WMI INVESTMENT CORP.**                           :
                                                  :
**Defendant for all claims**                       :
                                                  :
-and-                                             :
                                                  :
**FEDERAL DEPOSIT INSURANCE**                      :
**CORPORATION,**                                   :
                                                  :
**Additional Defendant**                           :
**for Interpleader claim**                         :
---------------------------------------------x

**ORDER DENYING MOTION OF FEDERAL DEPOSIT INSURANCE**
**CORPORATION, AS RECEIVER, TO STAY ADVERSARY PROCEEDING**

Upon the motion, dated June 1, 2009 (the "Motion") [Docket No. 25], of defendant

Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank (the

"FDIC-Receiver") for an order staying the above-captioned adversary proceeding pending

---

[1]     The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax
identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395).  The
Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

DB02:8390714.1                                                          067816.1001

entry of judgment in an action pending in the United States District Court for the District of Columbia, styled <u>Washington Mutual, Inc. and WMI Investment Corp. v. Federal Deposit Insurance Corporation</u>, Case 09-cv-00533 (RMC), all as more fully set forth in the Motion and the memorandum of law filed in support of the Motion [Docket No. 26]; and defendant JPMorgan Chase Bank, N.A. ("<u>JPMC</u>") having filed a response in support of the Motion [Docket No. 38]; and the Debtors having filed an opposition to the Motion on June 15, 2009 (the "<u>Opposition</u>") [Docket No. 36]; and a joinder in the Opposition having been filed by the Official Committee of Unsecured Creditors on June 15, 2009 (the "<u>Joinder</u>") [Docket No. 37]; and the Court having jurisdiction to consider the Motion, the Opposition, the Joinder and all related filings in connection with the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 to consider the Motion; and due and proper notice of the Motion, the Opposition, and the Joinder having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held before the Court with respect to the Motion, the Opposition, the Joinder, and related filings on June 24, 2009 (the "<u>Hearing</u>"); and upon the record of the Hearing and for the reasons set forth on the record of the Hearing, it is hereby

        ORDERED that the Motion and the relief requested therein is denied.

Dated: Wilmington, Delaware
        _____, 2009

                            _____
                            THE HONORABLE MARY F. WALRATH
                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x

*In re:*                                        :          **Chapter 11**
                                                :
**WASHINGTON MUTUAL, INC., et al.,**[1]         :          **Case No. 08-12229 (MFW)**
                                                :
                                                :          **(Jointly Administered)**
            **Debtors.**                        :
                                                :
-------------------------------------------------x
                                                :
**WASHINGTON MUTUAL, INC. AND**                 :
**WMI INVESTMENT CORP.,**                       :          **Adv. Pro. No. 09-50934 (MFW)**
                                                :
        **Plaintiffs,**                         :
                                                :
        **v.**                                  :          Re: 31460
                                                :
**JPMORGAN CHASE BANK, N.A.,**                  :
                                                :
                                                :
            **Defendant.**                      :
                                                :
-------------------------------------------------x

**ORDER DENYING (A) MOTION OF DEFENDANT
JPMORGAN CHASE BANK, N.A. TO STAY
AND (B) MOTION OF INTERVENOR-DEFENDANT
FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER, TO STAY OR DISMISS ADVERSARY PROCEEDING**

Upon (a) the motion, dated June 1, 2009 (the "JPMC Motion") [Docket No. 31], of

JPMorgan Chase Bank, National Association ("JPMorgan") for an order staying, in the event

it is not dismissed in its entirety, the above-captioned adversary proceeding (the "Adversary

Proceeding") commenced by Washington Mutual, Inc. and WMI Investment Corp.

(collectively, the "Debtors"), and (b) the motion of intervenor-defendant Federal Deposit

---

[1]  The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax
identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The
Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver") to stay, or in the alternative, dismiss the Adversary Proceeding [Docket Entry No. 29, Exhibit A] (the "FDIC-R Motion", and together with the JPMC Motion, the "Motions"), all as more fully set forth in the Motions; and the Washington Mutual, Inc. Noteholders Group [Docket No. 38] and the Debtors [Docket No. 39] having each filed an opposition to the Motion on June 15, 2009; and a joinder in the Debtors' opposition having been filed by the Official Committee of Unsecured Creditors on June 15, 2009 [Docket No. 40] (collectively, the "Opposition Papers"); and the Court having jurisdiction to consider the Motions, the Opposition Papers, and all related filings in connection therewith and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having granted by separate Order the motion of the FDIC-Receiver to intervene in the Adversary Proceeding; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 to consider the Motions; and due and proper notice of the Motions and the Opposition Papers having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held before the Court with respect to the Motions, the Opposition Papers, and related filings on June 24, 2009 (the "Hearing"); and upon the record of the Hearing and for the reasons set forth on the record of the Hearing, it is hereby

ORDERED that the Motions and the relief requested therein are denied in their entirety; and

DB02:8390723.1                                                    067816.1001

ORDERED that this Order having resolved all matters for which the intervention of the FDIC-Receiver in this Adversary Proceeding was granted, no further pleading or response shall be required from the FDIC-Receiver in this Adversary Proceeding.

Dated: Wilmington, Delaware
       July 16, 2009

                                        THE HONORABLE MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY JUDGE

DB02:8390723.1                                                          067816.1001