**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| JP MORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § § | CIVIL ACTION NO. 3:09-cv-00044 |
| Defendants, | § § § | |
| and | § § | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | § § § | |
| Intervenor-Defendant. | § § | |

**RESPONSE TO PLAINTIFFS' NOTICE OF AUTHORITY**

Intervenor-defendant Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this response to the notice of authority submitted by plaintiffs in this action on July 16, 2009. The ruling of the United States Bankruptcy Court for the District of Delaware that is the subject of plaintiffs' notice does not constitute "authority" with respect to the pending motions for remand and to transfer venue in this action. As plaintiffs note, the FDIC-Receiver has appealed from the Bankruptcy Court orders that are the subject of that notice. Those orders and the Bankruptcy Court's ruling constitute reversible legal error. In denying the FDIC-Receiver's motions to stay, the Bankruptcy Court failed to apply the plain language of the jurisdictional bar provided under 12 U.S.C. § 1821(d)(13)(D) and misconstrued Third Circuit authority applying that provision.

- 1 -

The two adversary proceedings pending before the Bankruptcy Court reflect a transparent attempt by WMI and its subsidiary WMI Investment Corp. to evade the jurisdictional bar of section 1821(d)(13)(D) and the exclusive receivership claims process provided under the FDIC's governing statute. *See* Exhibits A, B and C (complaints and answer and counterclaims in the two adversary proceedings). The Bankruptcy Court's conclusion that it had subject matter jurisdiction over those disputes cannot be reconciled with the plain language of that statute.

Section 1821(d)(13)(D) provides:

> (D)    **Limitation on judicial review**
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over –
>
> (i)    any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii)    any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

The claims between WMI and JPMC in the two adversary proceedings unquestionably "seek[] a determination of rights with respect to[] the assets of" WMB, which is a "depository institution for which the [FDIC] has been appointed receiver." In addition, those claims arise from the FDIC-Receiver's sale of assets to JPMC pursuant to a Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "P&A Agreement") and therefore are barred as claims "relating to any act or omission of . . . the [FDIC] as receiver." These conclusions are not altered by the fact that WMI has elected to assert its redundant claims in the Bankruptcy Court against JPMC, the assuming bank under a purchase and assumption agreement, rather than against the FDIC-Receiver itself. The Sixth Circuit recently rejected

precisely this argument, finding that to accept it "'would encourage the very litigation that FIRREA aimed to avoid.'" *Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (quoting district court opinion).

The Bankruptcy Court believed that it was bound by Third Circuit authority to ignore the jurisdictional bar. This was further error. The Third Circuit repeatedly has instructed that courts must apply section 1821(d)(13)(D) "literally," in accordance with its plain language. *See National Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 389 (3d Cir. 1994) (court was "obliged to give effect, if possible, to every word Congress used," and plain language of section 1821(d)(13)(D), "in addition to barring 'any claim . . . for payment'" provides for "a bar against 'any action seeking a determination of rights with respect to [] the assets of any depository institution for which the Corporation has been appointed receiver'"); *Rosa v. R.T.C.*, 938 F.2d 383, 393-94 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991); *see also Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843, 848 n.10 (3d Cir. 1994) (Third Circuit "construe[s] § 1821(d)(13)(D) literally" (citing *Rosa*)).

Here, the plain language of the statute unquestionably deprives the Bankruptcy Court, and all other courts of subject matter jurisdiction, with the exception of the United States District Court for the District of Columbia where WMI has sued the FDIC-Receiver with respect to identical claims pursuant to the FDIC's governing statute. *See* 12 U.S.C. § 1821(d)(13)(D) ("Except as otherwise provided in this subsection, no court shall have jurisdiction . . ."). The only litigation that the statute allows is an action in the District Court for the District of Columbia (or in the district where the failed bank had its principal place of business) seeking a judicial determination with respect to a disallowed receivership claim. *See* 12 U.S.C. § 1821(d)(6)(A).

The Third Circuit has on numerous occasions made clear that the jurisdictional bar was enacted to protect this exclusive receivership claims process against collateral litigation such as the adversary proceedings brought by WMI in Bankruptcy Court here. *See Hudson United Bank*, 43 F.3d at 849 (relied on by the Debtors and the Bankruptcy Court) ("the purpose of § 1821(d)(5)(A) and (d)(13)(D) was to force plaintiffs to file their claims under FIRREA's administrative claims procedures before filing them in federal court"); *Nat'l Union*, 28 F.3d at 388 ("One of the important goals of FIRREA is to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation."); *Rosa*, 938 F.2d at 396 ("The primary purpose underlying FIRREA's exhaustion scheme is to allow RTC to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation."); *Praxis Props. Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 63 (3d Cir. 1991) ("FIRREA expressly limits a claimant's ability to circumvent the above administrative claims procedure, providing for a strict limitation on judicial review"); *F.D.I.C. v. Shain, Schaeffer & Rafanello*, 944 F.2d 129, 134 (3d Cir. 1991) ("In short, it is FDIC's position that SS&R may not circumvent FIRREA's claim procedure merely by asserting a valid state common law lien, even though in almost every other circumstance, SS&R would prevail by summary disposition with such a lien. We agree.").

Finally, the Bankruptcy Court's reliance on the decision in *Henrichs v. Valley View Development*, 474 F.3d 609 (9th Cir. 2007), was misplaced. In *Henrichs*, a private party who had lost a state court quiet title action sought to overturn that decision in federal court on the ground that he had obtained his interest in the note and deed in question from the FDIC as receiver and therefore the jurisdictional bar should apply. The Ninth Circuit noted that "[a]t the

time of the state court litigation, the FDIC had no interest in the note because it had already assigned the note." *Id.* at 614. Indeed, by the time of the litigation, the receivership had been resolved and no longer existed. The litigation at issue involved no dispute as to whether the note was or was not an asset of the failed bank, and the jurisdictional bar therefore was not implicated.

The *Henrich* court's abbreviated conclusion, that "the statute does not reach assignees of assets once owned by the FDIC," *id.*, cannot be read as an abrogation of the plain language of section 1821(d)(13)(D). As the Third Circuit has observed, "[t]he whole point of receivership is to make creditors go after the estate as it existed on the day the failed bank was taken over." *Shain, Schaffer & Rafanello*, 944 F.2d at 135. The fact that the FDIC-Receiver decided, in this instance, to sell substantially all of WMB's assets to JPMC soon after it was appointed receiver does not alter the statutory requirement that WMB's creditors must look to the receivership claims process – and not to JPMC in a tortious interference action – if they wish to seek recovery. *See, e.g., Trinsey v. K. Hovnanian at Upper Merion, Inc.*, 841 F. Supp. 694, 695-96 (E.D. Pa. 1994) ("It is clear that Rebel Hill was an asset of Nassau when the RTC became receiver, and that the RTC acted within its powers in auctioning the property and conveying it to Hovnanian. It is also the case that Trinsey is seeking a determination of rights with respect to an asset previously owned by an institution for which the RTC was appointed receiver, and then disposed of through an act of the RTC. Accordingly, the above-cited jurisdictional provisions of the Act appear to bar my consideration of Trinsey's claims . . . .").

Dated:  Houston, Texas
        July 16, 2009

Respectfully submitted,


DLA PIPER LLP (US)


By:   /s  Jack O'Neill
    Edward John "Jack" O'Neill, Jr.
    Attorney-in-Charge
    Texas State Bar No. 15288500
    Southern District of Texas Bar No. 3696
    1000 Louisiana Street, Suite 2800
    Houston, Texas 77002
    Telephone:  (713) 425-8400
    Facsimile:  (713) 425-8401
    jack.oneill@dlapiper.com

    Aaron G. Fountain
    Texas State Bar No. 24050619
    Southern District of Texas Bar No. 960354
    401 South Congress Avenue, Suite 2500
    Austin, Texas 78701
    Telephone:  (512) 457-7000
    Facsimile:  (512) 457-7001
    aaron.fountain@dlapiper.com

ATTORNEYS FOR DEFENDANT IN
INTERVENTION, THE  FEDERAL DEPOSIT
INSURANCE CORPORATION, AS RECEIVER
FOR WASHINGTON MUTUAL BANK,
HENDERSON, NEVADA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of July 2009, the foregoing Response to Plaintiffs' Notice of Authority, was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action.


      /s/  Jack O'Neill
Edward John "Jack" O'Neill, Jr.

EAST\42502520.1