UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § § § § § § § § § § CIVIL ACTION NO. 3:09-CV-00044 |

## MOTION TO STRIKE FDIC-RECEIVER'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTHORITY [DOC. 32]

Plaintiffs, American National Insurance Company, et al. ("Plaintiffs"), respectfully ask the Court to strike[1] the FDIC-Receiver's ("FDIC") Response to Plaintiffs' Notice of Authority (the "Response").

On July 16, 2008, Plaintiffs notified the Court and the parties of a Bankruptcy Court ruling which addressed a major issue facing this Court: limits to the FDIC's use of the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821(d)(13). Because portions of the Bankruptcy Court's ruling are relevant to Motions for Remand and to Transfer Venue pending in the instant case, Plaintiffs believed the Notice would be helpful to the Court and the parties.

In response to Plaintiffs' short 1-1/2 page Notice, the FDIC filed 232 pages of argument and attachments as its "response" to Plaintiffs' Notice. Essentially, the FDIC argues that the Bankruptcy Court ruling does not constitute "authority" because the FDIC says so, and has filed an appeal. In its Response, the FDIC cuts and pastes its trial and appellate arguments that were rejected by the Bankruptcy Court. In sum, the huge FDIC filing functions as a giant surreply

---

[1] Under Federal Rule of Civil Procedure 12(f); Southern District of Texas Local Rule 11.4; and/or for failure to seek leave of court prior to filing what is, in effect, a sur-reply. *See In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 465 F. Supp. 2d 687, 690-91 & n.4 (S.D. Tex. 2006).

brief.

Plaintiffs pray that the FDIC's Response be stricken on one or more of the following grounds.

(1) Federal Rule of Civil Procedure 12(f) gives the Court the discretion to strike pleadings that are, among other things, "redundant, immaterial, or impertinent." The FDIC's Response merely rehashes arguments previously asserted in earlier briefs and thus is redundant. In addition, the Response is immaterial and impertinent in that its trial and appellate arguments do not constitute "authority," no matter how many pages of exhibits the FDIC attaches.

(2) Local Rule 11.4 allows the Court, upon motion, to strike material that is "objectionable." The same problems noted in regard to Rule 12(f) make the FDIC's filing objectionable under Local Rule 11.4.

(3) The FDIC's Response is unabashed argument and constitutes a surrreply relating to the Motions for Remand and to Transfer Venue for which no leave to file was sought or granted. This Court discussed the question of striking sur-replys in *In re Enron*, 465 F.2d at 690-692. The Court cited one decision particularly applicable here: *Lacher v. West*, 147 F.2d 538, 539 (N.D. Tex. 2001) ("Surreplies and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort …. to have the last word on the matter.").

In short, the FDIC's "Response" to Plaintiffs' Notice is not a response by any stretch of the imagination. Plaintiffs pray that the FDIC's Response be stricken.

Respectfully submitted,

GREER, HERZ & ADAMS, L.L.P.

By: *Andrew J. Mytelka by permission James M. Roquemore*
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 1476700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

I certify that on July 22, 2009 a copy of the this document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650

_____
James M. Roquemore

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al,<br>　　　Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., et al.<br>　　　Defendants | § § § § § § § § § | CIVIL ACTION NO. 3:09-CV-00044 |

## ORDER

The Court has considered Plaintiffs' Motion to Strike and finds said Motion to be meritorious.

In is therefore ORDERED that the Motion is GRANTED.

It is ORDERED that the Response to Plaintiffs' Notice of Authority [Doc. 32], filed by Federal Deposit Insurance Corporation, is stricken.

SIGNED this ___ day of _____, 2009.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Hon. Melinda Harmon
　　　　　　　　　　　　　　　　　　United States District Judge