**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **AMERICAN NATIONAL INSURANCE COMPANY, et al.,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **JP MORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,** | § § § | **CIVIL ACTION NO. 3:09-cv-00044** |
| **Defendants,** | § § § | |
| **and** | § § | |
| **FEDERAL DEPOSIT INSURANCE CORPORATION,** | § § § | |
| **Intervenor-Defendant.** | § § | |

**RESPONSE OF INTERVENOR-DEFENDANT FDIC-RECEIVER IN
OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE FDIC-RECEIVER'S
RESPONSE TO PLAINTIFFS' NOTICE OF AUTHORITY [DOC.32]**

Intervenor-defendant Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this Response in Opposition to Plaintiff's Motion to Strike FDIC-Receiver's Response to Plaintiffs' Notice of Authority [DOC.32]. The FDIC-Receiver's Response to Plaintiffs' Notice of Authority (the "FDIC-Receiver's Response") was proper and should not be stricken by the Court. Plaintiffs' Notice of Authority ("Plaintiffs' Notice") quoted four sentences of a 118-page Bankruptcy Court transcript and failed to provide more than the barest legal or factual context for that excerpt. The FDIC-Receiver was entitled to respond to provide this context, particularly given the FDIC-Receiver's

view that the Bankruptcy Court ruling referred to in Plaintiffs' Notice reflects reversible legal error given the plain language of a federal statute and clearly established Third Circuit authority.

Motions to strike generally are "viewed with disfavor, as a potentially dilatory tactic." *Puckett v. United States*, 82 F. Supp. 2d 660, 662 (S.D. Tex. 1999), *aff'd*, No. 99-20697, 2000 WL 554440 (5th Cir. Apr. 12, 2000). A motion to strike therefore should not be granted absent a showing of prejudice. *See In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 465 F. Supp. 2d 687, 691 (S.D. Tex. 2006) (denying motion to strike surreply based on lack of prejudice to movant); *see also Compliance Review Servs., Inc. v. Davis-Osuawu*, No. 04-3635, 2006 WL 2385291, at *7 (S.D. Tex. Aug. 17, 2006) (denying motion to strike based, in part, on lack of prejudice to movant); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 258 F. Supp. 2d 576, 610 (S.D. Tex. 2003) (same).

In this case, plaintiffs have not, and indeed could not, claim any prejudice from the FDIC-Receiver's Response. It was plaintiffs who elected to open the door to discussion of recent proceedings before the Bankruptcy Court. Far from being a surreply, the response was a necessary reaction to Plaintiffs' Notice. Whether and to what extent purported additional authority impacts a pending district court motion is always germane.[1] *See, e.g.*, *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 228 F.R.D. 541, 557-58 & n.25 (S.D. Tex. 2005) (agreeing with arguments made in response to notice of supplemental authority that newly issued Fifth Circuit opinion did not affect the Court's decision on class certification); *see also, e.g.*, *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, No. CV 03-0597, 2008 WL 2954187, at *2-4 (D. Ariz. July 29, 2008) (considering extensive argument regarding the applicability and

---

[1] Federal Rule of Appellate Procedure 28(j), which limits the content of submissions in appellate courts regarding supplemental authority, has no parallel in the Federal Rules of Civil Procedure or this Court's local rules.

effect of supplemental authority, and denying motion to strike); *Clegg v. Sullivan Corp.*, No. IP 00-1380, 2003 WL 21254558, at *2 (S.D. Ind. Mar. 31, 2003) (denying motion to strike and noting that argument as to applicability of cited authority is inherent in the very act of filing notice with the court).

Plaintiffs will not suffer any prejudice from a discussion of the law that applies to the very bench ruling that plaintiffs elected to put before the Court. *Cf. Enron*, 465 F. Supp. 2d at 691 (noting lack of prejudice where surreplies did not raise new legal arguments and denying motion to strike); *Am. Chiropractic Ass'n, Inc. v. Shalala*, 108 F. Supp. 2d 1, 10 n.7 (D.D.C. 2000) (denying motion to strike because the arguments made in response to notice of authority were within the scope of the issues raised by the newly provided authority).[2]

For similar reasons, plaintiffs' assertion that the FDIC-Receiver's Response should be stricken under Federal Rule of Civil Procedure 12(f) as "redundant, immaterial, or impertinent" also fails.[3]  A motion to strike material as redundant, immaterial, or impertinent "'should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Henderson v. Moore*, No. C-08-36, 2008 WL 1758638, at *1 (S.D. Tex. Apr. 17, 2008) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).  If it is plaintiffs' view that the transcript excerpt that they submitted has some bearing on the issues before this Court, then they cannot exclude the FDIC-Receiver's discussion of the pertinent authority concerning that ruling as having "no possible relation to the controversy."

---

[2] Plaintiffs mistakenly rely on a district court's observation in *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex 2001), that "surreplies and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored."  As this Court previously has recognized, that statement concerned a local rule of the Northern District of Texas and is simply inapposite.  *See Enron,* 465 F. Supp. 2d at 691.

[3] Plaintiffs offer these same bases in support of their assertion that the FDIC-Receiver's Response should be stricken as objectionable under Local Rule 11.4.

3

Nor is the discussion of Third Circuit law "redundant" merely because it is consistent with the FDIC-Receiver's prior submissions.  Similarly, the pleadings attached to the FDIC-Receiver's Response provide a more complete context for the four sentences from the Bankruptcy Court's bench ruling of which plaintiffs have asked this Court to take notice, and the attachment of those court filings to the response does not render it immaterial or impertinent.  *Cf. John M. Floyd & Assocs. v. Jack Henry & Assocs.*, No. 05-1105, 2006 WL 1007264, at *2, 4 (S.D. Tex. Apr 13, 2006) (denying motion to strike allegations that "may supply further overall context for [nonmovant's] counterclaims").

In sum, plaintiffs asked the Court to consider a small excerpt of a Bankruptcy Court bench ruling that plaintiffs claim is relevant to the pending motions here.  The FDIC-Receiver filed a response to provide the Court with the context of that ruling and why it should not be viewed as authority with respect to the pending motions.  The FDIC-Receiver's Response speaks directly to the issues raised by Plaintiffs' Notice of Authority, and plaintiffs' motion to strike the Response should be denied.

Dated:  Houston, Texas
          August 7, 2009

                                        Respectfully submitted,

                                        DLA PIPER LLP (US)

                                        By: /s/ Jack O'Neill
                                            Edward John "Jack" O'Neill, Jr.
                                            Attorney-in-Charge
                                            Texas State Bar No. 15288500
                                            Southern District of Texas Bar No. 3696
                                            1000 Louisiana Street, Suite 2800
                                            Houston, Texas 77002
                                            Telephone:  (713) 425-8400
                                            Facsimile:  (713) 425-8401
                                            jack.oneill@dlapiper.com

Aaron G. Fountain
Texas State Bar No. 24050619
Southern District of Texas Bar No. 960354
401 South Congress Avenue, Suite 2500
Austin, Texas 78701
Telephone:  (512) 457-7000
Facsimile:  (512) 457-7001
aaron.fountain@dlapiper.com

ATTORNEYS FOR DEFENDANT IN
INTERVENTION, THE  FEDERAL DEPOSIT
INSURANCE CORPORATION, AS RECEIVER
FOR WASHINGTON MUTUAL BANK,
HENDERSON, NEVADA

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on this 7th day of August 2009, the foregoing
Response of Intervenor-Defendant FDIC-Receiver in Opposition to Plaintiff's Motion to Strike
FDIC-Receiver's Response to Plaintiffs' Notice of Authority [DOC.32], was filed with the
Court's ECF filing system, which will provide electronic notification of its filing to all counsel
who have appeared in this action.


 /s/ Jack O'Neill
Edward John "Jack" O'Neill, Jr.