UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § § § § § § § § § | CIVIL ACTION NO. 3:09-CV-00044 |

**JOINT REPORT OF THE MEETING AND**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The parties conferred on August 5, 2009 by telephone.

    Plaintiffs were represented by attorneys Andrew J. Mytelka, Joseph R. Russo, Jr., Steve Windsor, and James M. Roquemore, of Greer, Herz & Adams, LLP.

    Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, National Association ("JPMorgan Defendants") were represented by attorneys Glen M. Boudreaux and Maryellen Shea of Jackson Walker LLP, and Stacey R. Friedman, Robert A. Sacks and Michael P. Geiser, of Sullivan & Cromwell, LLP.

    Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank (the "FDIC-Receiver") was represented by attorneys Jessie A. Amos and John J. Clarke, Jr., of DLA Piper, LLP US.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    Plaintiffs assert that there are no related actions.

    Defendants assert that this lawsuit is related to the following pending actions:

    a.  Cause No. 1:09-cv-00533; *Washington Mutual, Inc. and WMI Investment Corp. v FDIC-Receiver*; in the United States District Court for the District of Columbia.

    b.    Cause No. 09-122290; *In re Washington Mutual, Inc. et al.*; in the United States Bankruptcy Court for the District of Delaware.

3.    <u>Specify the allegation of federal jurisdiction.</u>

The FDIC-Receiver intervened in this action pursuant to TEX. R. CIV. P. 60 and removed this action from the District Court of Galveston County, State of Texas, asserting that "this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(b)."[1] The JPMorgan Defendants also removed the action, joining in the FDIC-Receiver's grounds and asserting an additional ground of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4.    <u>Name the parties who disagree and the reasons.</u>

Plaintiffs deny that this Court has jurisdiction and have submitted a timely Motion for Remand, which is fully briefed and under consideration by this Court. Plaintiffs contend that the FDIC-Receiver's intervention was improper and that the FDIC-Receiver should be dismissed from the case. Plaintiffs contend that dismissal of the FDIC-Receiver would remove any federal question basis for federal jurisdiction. In addition, plaintiffs assert that because the FDIC-Receiver is not a party, there is not complete diversity of citizenship between the plaintiffs and defendants and, therefore, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.    <u>List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.</u>

None.

6.    <u>List anticipated interventions.</u>

Plaintiffs do not anticipate interventions.

Defendants anticipate that Washington Mutual, Inc. ("WMI") may intervene in this action.

7.    <u>Describe class-action issues.</u>

None.

8.    <u>State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.</u>

No disclosures have been made by any party. No arrangements have been made to complete the disclosures. The parties agree to cooperate in arranging for disclosures and coordinating discovery at a reasonable time after the issues of subject matter jurisdiction,

---

[1] FDIC-Receiver's Notice of Filing of Notice of Removal to Federal District Court, ¶6.

personal jurisdiction, venue and proper parties to this lawsuit have been decided by the Court pursuant to the pending motions.

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

(1) Consideration of the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case: The parties do not believe that this case can be promptly settled or resolved at this time.

(2) Arrangement for the disclosures required by Rule 26(a)(1): The parties agree to cooperate in coordinating discovery, including initial disclosures, at a reasonable time after the issues of jurisdiction, venue and proper parties to this lawsuit have been decided by the Court pursuant to the pending motions.

(3) Issues about preserving discoverable information: The parties agree to preserve discoverable information in accordance with the applicable rules.

(4) Develop a proposed discovery plan: The parties agree to cooperate in developing a proposed discovery plan at a reasonable time after the issues of jurisdiction, venue and proper parties to this lawsuit have been decided by the Court pursuant to the pending motions. The parties agree that any discovery plan shall include a commitment to use best efforts to ensure that only one deposition is taken of any witness in connection with discovery in the actions listed in paragraph 2, in any proceeding arising from those actions, and this litigation.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

The Plaintiffs anticipate serving interrogatories upon all adverse parties in accordance with the discovery plan that will be coordinated by the parties following the resolution of issues related to jurisdiction, venue and proper party.

    C.  When and to whom the defendant anticipates it may send interrogatories.

The Defendants anticipate serving interrogatories upon Plaintiffs in accordance with the discovery plan that will be coordinated by the parties following the resolution of issues related to jurisdiction, venue and proper party.

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

To be determined.

    E.  Of whom and by when the defendant anticipates taking oral depositions.

To be determined.

  F. <u>List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).</u>

To be determined.

  G. <u>List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).</u>

To be determined.

10. <u>If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.</u>

The parties agree to cooperate in arranging for disclosures and coordinating discovery at a reasonable time after the issues of jurisdiction, venue and proper parties to this lawsuit have been decided by the Court pursuant to the pending motions.

11. <u>Specify the discovery beyond initial disclosures that has been undertaken to date.</u>

Plaintiffs served, at the time of service of the Original Petition upon the JPMorgan Defendants, request for production of documents and requests for disclosure under the Texas Rules of Civil Procedure.  Plaintiffs contend that no response to this discovery was made.

On March 30, 2008, following removal of this case to federal court, the JPMorgan Defendants contend that they notified plaintiffs of their intent to proceed with discovery in accordance with the Federal Rules of Civil Procedure and this Court's orders.  There has been no discovery propounded in this lawsuit since it was removed to federal court.

12. <u>State the date the planned discovery can reasonably be completed.</u>

12 months, following development of a discovery control plan.

13. <u>Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.</u>

No such possibilities are believed to exist at this time.

14. <u>Describe what each party has done or agreed to do to bring about a prompt resolution.</u>

No action has been done or agreed to in this regard.

15. <u>From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.</u>

Alternative dispute resolution is not appropriate at this time.

16. <u>Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.</u>

    The parties cannot reach an agreement regarding a jury trial other than before a district court judge.

17. <u>State whether a jury demand has been made and if it was made on time.</u>

    Plaintiffs demanded a trial by jury in its state court pleading, which it contends was timely. The Plaintiffs intend to make a jury demand in this forum if necessary and appropriate following resolution of issues related to jurisdiction, venue and proper party.

18. <u>Specify the number of hours it will take to present the evidence in this case.</u>

    50 hours.

19. <u>List pending motions that could be ruled on at the initial pretrial and scheduling conference.</u>

    - Motion to Transfer Case to United States District Court for the District of Columbia by FDIC-Receiver [Doc. 5]

    - Motion for Remand by Plaintiffs [Doc. 10]

    - Plaintiffs' Motion to Strike FDIC-Receiver's Response to Plaintiffs' Notice of Authority [Doc. 33]

20. <u>List other motions pending.</u>

    - Motion to Dismiss for Improper Venue by JPMorgan Chase & Co. and JPMorgan Chase Bank, National Association [Doc. 15]

    - Motion to Dismiss for Lack of Personal Jurisdiction, by JPMorgan Chase & Co. [Doc. 19]

    - Motion for John J. Clarke, Jr. to Appear Pro Hac Vice, by FDIC [Doc. 36]

    - Motion for Stacey R. Friedman to Appear Pro Hac Vice, by JPMorgan Chase & Co., JPMorgan Chase Bank, National Association [Doc. 37]

    - Motion for Robert A. Sacks to Appear Pro Hac Vice, by JPMorgan Chase & Co., JPMorgan Chase Bank, National Association [Doc. 38]

21. <u>Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.</u>

    None.

22. <u>List the names, bar numbers, addresses, and telephone numbers of all counsel</u>.

For Plaintiffs:
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 14767700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

For JPMorgan Defendants:
Glen M. Boudreaux
State Bar No. 02696500
Maryellen Shea
State Bar No. 00793948
Chevazz Brown
State Bar No. 24059498
Jackson Walker, L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (FAX)

For Intervenor-Defendant FDIC-Receiver:
Edward John "Jack" O'Neill, Jr.
State Bar No. 15288500
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 425-8400
(713) 425-8401 (FAX)

Respectfully submitted,

GREER, HERZ & ADAMS, L.L.P.


By:_____
    Andrew J. Mytelka
    Attorney-in-Charge
    State Bar No. 14767700
    S.D. Tex. I.D. No. 11084
    Joe A.C. Fulcher
    State Bar No. 07509320
    M. David Le Blanc
    State Bar No. 00791090
    Joseph R. Russo, Jr.
    State Bar No. 24002879
    Steve Windsor
    State Bar No. 21760650
    James M. Roquemore
    State Bar No. 24058082
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550
    (409) 797-3200
    (409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on August 17, 2009, a copy of this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650.

                                                    Steve Windsor

Respectfully submitted,

GREER, HERZ & ADAMS, L.L.P.

By: _____
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 14767700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on August 17, 2009, a copy of this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650.

_____
Steve Windsor