UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § <br> § <br> § <br> § CIVIL ACTION NO. 3:09-CV-044 <br> § <br> § <br> § |

## PLAINTIFFS' MOTIONS FOR RECONSIDERATION OF ORDER DENYING REMAND AND FOR WRITTEN FINDINGS OR, IN THE ALTERNATIVE, FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Plaintiffs, American National Insurance Company, *et al.* ("Plaintiffs"), ask the Court to reconsider its September 3, 2009 Order (the "Order Concerning Remand" or the "Order") [Instr. No. 46] denying Plaintiffs' Motion for Remand (the "Remand Motion") [Instr. No. 10] and amend the Order to (1) provide written findings of fact and conclusions of law regarding the Court's decision and, (2) grant Plaintiffs' request for remand. Alternatively, the Plaintiffs move for 28 U.S.C. § 1292(b) certification to appeal the Court's Order Concerning Remand.

### INTRODUCTION AND PROCEDURAL BACKGROUND

On February 16, 2009, Plaintiffs brought Texas state law claims of tortious interference with existing contract, breach of a confidentiality agreement, and unjust enrichment against Defendants JPMorgan Chase and Company ("JPMC") and JPMorgan Chase, N.A. ("JPMC Bank") (collectively, "Defendants") by filing their Original Petition (the "Petition") in the 122nd District Court of Galveston County, Texas. Plaintiffs asserted no federal-question claims and asserted no claim against the FDIC.[1] JPMC filed

---

[1] The case caption used by the Southern District of Texas clerk's office and on orders issued by the Court --

a special appearance, but Defendants did not immediately remove the case. On March 25, 2009, the FDIC intervened pursuant to Texas rules of civil procedure that permit unrestricted intervention. The FDIC immediately removed the case to federal court. [Instr. No. 1] Defendants filed their removal notice on the same day. [Instr. Nos. 2 and 3]

Plaintiffs' filed their Remand Motion on April 21, 2009. [Instr. No. 10]. In the motion, Plaintiffs explained that the FDIC was not a proper intervenor under federal standards and should be dismissed because the FDIC does not have authority to exercise jurisdiction over Plaintiffs' state law claims. The parties thereafter briefed the Court on the question of remand, primarily on the issue of absence of FDIC jurisdiction.[2] [*See* Intr. Nos. 16, 17, 23, 31 and 32].

The FDIC, as its sole basis for opposition to Plaintiffs' Remand Motion, asserts that it has statutory authority to exercise federal jurisdiction over Plaintiffs' state law claims against the Defendants. [*See* Instr. 17] Defendants list three purported grounds in their opposition to remand, none of which have merit. [*See* Instr. 16] The first two grounds relate the FDIC's unpersuasive claim of federal-question subject matter jurisdiction through its statutory authority to act as a receiver. *See id.* at 4-15. The third purported basis for federal jurisdiction is diversity of citizenship. On August 25, 2009, the parties were provided Notice that the case was reassigned to Judge Kenneth M. Hoyt. On September 3, 2009, the Court issued a one-page Order Concerning Remand.

---

"*American National Insurance Company, et al., Plaintiffs, v. FDIC as Receiver for Washington Mutual Bank, Henderson, Nevada, et al., Defendants*" may be misleading in that it does not state the true status of the parties. Plaintiffs do not bring any claims against the FDIC, but instead, bring claims only against Defendants JPMC and JPMC Bank. The caption in the state court case was: "*American National Insurance Company, et al., Plaintiffs, v. JPMorgan Chase & Co., et al., Defendants.*"

[2] Defendants and the FDIC also filed several motions which are currently pending.

## REQUEST FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 54(b), a court may reconsider and amend an interlocutory at any time prior to judgment.[3] Plaintiffs ask the Court to exercise that authority and amend the Order Concerning Remand to (1) provide findings that explain the basis of the court's decision and (2) grant Plaintiffs' Remand Motion.

### Request for Findings of Fact and Conclusions of Law

The Fifth Circuit has encouraged the issuance of findings of fact to support remand orders. *See McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1201 n.1 (5th Cir. 1991) (district court should take care to explain their reasons for remanding cases); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026 (5th Cir 1991) ("Reviewability of a remand order depends entirely upon the trial court's stated grounds for its decision to a remand."). A court's reasoning is similarly important when remand is denied. Plaintiffs pray that the Court issue an order or opinion that, in addition to granting the Remand Motion, explains the basis for the Court's decision.

### This Action Should be Remanded

In the Remand Motion and Reply Brief [Instr. Nos. 10 and 23], Plaintiffs show that no federal-question jurisdiction exists. Plaintiffs show the FDIC does not have statutory authority that allows the FDIC's intervention under federal standards because Plaintiffs' claims are not subject to the receivership claims administration process. Further, the FDIC has no legitimate interest in protecting tortfeasors who purchase assets from an FDIC receivership. Plaintiffs also show that Defendants fail to meet their burden of establishing complete diversity.

---

[3] Typically motions for reconsideration are reviewed under the standards prescribed by Federal Rule of Civil Procedure 59(e). Here, where the order was not accompanied by an opinion or memorandum, Plaintiffs request the Court to reconsider, and then amend, as allowed under Rule 54.

### *Plaintiffs' Claims Are Not Subject to FIRREA*

The FDIC contends it may exercise jurisdiction as a "receiver" over claims that are not brought against a receiver or receivership property, pursuant to the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"). *See* 12 U.S.C. § 1819(d). This contention is without merit.

Where, as here, the FDIC intervenes and removes a case, and a plaintiff thereafter moves to dismiss the FDIC and remand the case, the issue to be determined by the court is whether the plaintiff's stated claims are actually against the financial institution in receivership or the assets in the possession of the receivership or the FDIC, or whether the claims are independent of the FDIC's receivership process. *Bank One Texas National Association v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994). "[F]ederal jurisdiction should not be manipulated by the FDIC's simple intervention in a given case." *Id. See Bank One, Texas, N.A. v. Elms*, 764 F. Supp. 85, 89-90 (N.D. Tex. 1991) (dismissing FDIC's intervention and remanding action to state court).

Plaintiffs seek damages based upon Defendants' pre-receivership conduct in (1) wrongfully engaging in sham negotiations with Washington Mutual, Inc. and Washington Mutual Bank, FSB ("Washington Mutual") designed to elicit confidential information, and (2) misusing and publicly leaking the confidential information, in violation of a confidentiality agreement, to gain an unfair advantage in obtaining Washington Mutual's long-coveted assets. These claims cannot be adjudicated by the FDIC.

The FDIC has statutory authority to "act as receiver" (12 U.S.C. § 1819(a)), and to "determine claims" (12 U.S.C. § 1819(d)) within the parameters of an administrative claims procedure (12 U.S.C. § 1819(d)(3)). Only specified claims are submitted to the

FDIC for adjudication as part of the receivership process: "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver," or "any claim relating to any act or omission of such institution or [the FDIC] as receiver." 12 U.S.C. § 1821(d)(13)(D).

FIRREA does not give the FDIC jurisdiction over claims against parties to transactions with the FDIC that are based on wrongful conduct independent of the receivership. *See FDIC v. McFarland*, 243 F.3d 876, 887 (5th Cir. 2001) ("When the FDIC relinquishes ownership, the procedures governing its role as a receiver no longer apply"). FIRREA was not intended by Congress, and cannot be construed, to immunize the Defendants for their wrongful conduct. *See* Plaintiff's Notice [Doc. 31] (excerpt of Transcript of Hearing Before the Honorable Mary F. Walrath, United States Bankruptcy Court Judge, held on June 24, 2009, p. 93, attached to this Notice as Exhibit A. (12 U.S.C. § 1821(d)(13), is not a jurisdictional bar to "claims to property that is no longer in the hands of the FDIC as receiver, but [is] in the hands of JPMC" )).

The FDIC, thus, has no authority or legitimate interest to support its intervention. The FDIC should accordingly be dismissed and the action remanded to state court.

### *The FDIC Cannot Protect Tortfeasors that Transact with the FDIC*

As noted, the FDIC's duties are statutorily created and do not include the authority to adjudicate claims such as those asserted by Plaintiffs. Further, the FDIC has even recognized that it had no business immunizing tortious conduct. In the Purchase & Assumption Agreement between the FDIC and JPMorgan Chase Bank, N.A, the FDIC expressly refused to indemnify the Defendant for "claims arising from any action or

5

inaction of the Defendants that were "taken in a manner constituting bad faith, gross negligence or willful misconduct."[4] As a consequence, the FDIC has no potential indemnification liability and implicitly agrees that it has no interest in adjudicating claims relating to "bad faith, gross negligence or willful misconduct," such as are alleged in the instant case.

**Defendants' Diversity Contentions Fail**

Defendants' diversity argument improperly conflates diversity jurisdiction and personal jurisdiction concepts. [*See* Instr. 16] at ¶¶ 29-32. According to Defendants:

> Here, the Court cannot exercise personal jurisdiction over JPMC & Co. As a result, the plaintiffs have no hope of establishing their claims against it in Texas and, *once it is dismissed,* its citizenship will be irrelevant for the purposes of determining whether there is complete diversity between the plaintiffs and the sole remaining defendant, JPMC Bank.

*Id.* at ¶ 30 (emphasis added). In other words, Defendants admit that diversity jurisdiction hinges upon a finding that this Court may not exercise personal jurisdiction over JPMC. Defendants fail to present any facts addressing, much less showing, that JPMC was fraudulently joined other than the lack-of-personal-jurisdiction argument. *See id.* at ¶¶ 31-32.

Diversity jurisdiction cannot be found on the face of Plaintiffs' Petition. Defendant JPMC and the Farm Family Plaintiffs are New York citizens. Plaintiffs provided evidence that JPMC registered to do business in Texas, paid taxes in Texas, appointed a registered agent for service of process in Texas. *See* Motion for Remand [Doc. 10], at 25. In addition, Plaintiffs properly pled an agency relationship between JPMC and JPMC Bank sufficient to attribute the jurisdictional contacts of JPMC Bank to

---

[4] P&A Agreement, Article XII, section 12.1(a)(7), p. 25, attached as Exhibit 1 to Declaration of Edward John "Jack" O'Neil, Jr., submitted with the Response of Intervenor-Defendant FDIC-Receiver in Opposition to Plaintiffs' Motion for Remand (Instr. 17).

6

JPMC. *See Beneficial Pers. Servs. v. Rey*, 927 S.W.2d 157, 164-65 (Tex. Ct. App. 1996) (by referring to defendants by a single name in the complaint, a plaintiff adequately puts defendants on notice of plaintiff's intention to pursue any available theory of corporate liability). *See De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537-38 (5th Cir. 2005) ("given liberal pleading standards and resolving all ambiguities in Texas law in plaintiffs' favor, defendants could ascertain from plaintiffs' allegation of joint enterprise and reference to all defendants by a single name that plaintiffs intended to pursue available theories of corporate liability, including single business enterprise"). The Plaintiffs provided factual support for this assertion.[5]

The Court has not ruled on JPMC's motion for dismissal based upon lack of jurisdiction. As explained in a case cited by the Defendants, denial of remand on such a basis is proper *after* a determination of personal jurisdiction. *Id.* at ¶ 30 (citing *Martino v. Viaco Aerea Riograndeense, S.A.*, 1991 W.L. 13889 (E.D. La. Jan. 25, 1991)). Further, in its motion to dismiss for lack of personal jurisdiction, JPMC states, "Although JPMC & Co. may press these jurisdictional issues in the future, it will not do so now unless the issue is critical to the Court's determination of whether it has subject matter jurisdiction". [Instr. 19] at 2. By conflating personal jurisdiction standards with the diversity jurisdiction statute, Defendants ask the Court to make an implicit finding of no personal jurisdiction over JPMC, while at the same time seeking to defer an explicit ruling on personal jurisdiction. Denial of remand based upon lack of personal jurisdiction is therefore premature. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (If parties have not conducted jurisdictional discovery, a plaintiff only needs to

---

[5] *See* Amended Response of Plaintiffs To JPMorgan Chase & Co.'s Motion to Dismiss For Lack of Personal Jurisdiction [Doc. 26], and exhibits attached thereto.

make a prima facie showing that the defendant is subject to personal jurisdiction; the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. Courts will resolve in favor of jurisdiction, "all conflicts between the facts contained in the parties' affidavits and other documentation.")(citations and punctuation omitted).

## **MOTION FOR CERTIFICATION UNDER SECTION 1292(b)**

A district judge is permitted to certify an interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b) where "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores,* 481 F.3d 234, 238 (5th Cir. 2007). Denial of a remand motion is often the subject of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See, e.g., id.* (denial of remand reversed after reviewed under 28 U.S.C. § 1292(b)).

Plaintiffs seek certification of controlling issues of law. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *See In re Baker & Getty Fin. Servs.,* 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992). The FDIC's jurisdictional grant (which controls the FDIC's right to intervene) is a controlling issue of law. Indeed, related sub-issues are also controlling questions of law: whether the FDIC has authority under FIRREA to adjudicate claims against transaction parties with the FDIC that arise out of conduct that is independent of any FDIC receivership; whether the FDIC has authority to extend immunity to its transaction parties for illegal conduct prior to the institution of the receivership; whether the jurisdictional bar of FIRREA extends to claims, not against the FDIC or property in the possession of the FDIC, but instead

8

against purchasers of assets from the FDIC. To the extent that remand was denied based upon Defendants' diversity arguments, the controlling issue is the propriety of granting remand prior to allowing jurisdictional discovery and prior to a ruling on a defendant's pending motion to dismiss. These questions meet the standard of "controlling" for purposes of 28 U.S.C. § 1292(b).

The extent of FDIC jurisdiction is an issue where there is substantial ground for difference of opinion, as demonstrated by the parties' briefings. The differences of opinion are shown by the large amount of conflicting authority cited in the parties' briefings, as well as in other cases involving the Defendants, the FDIC, and other parties.[6] [*See* Instr. Nos. 10 (Motion for Remand); 16 and 17 (Defendants and FDIC's response to remand motion); 23 (Plaintiffs' reply brief); 31 (Notice by Plaintiffs of additional authority); and 32 (FDIC's response to notice of authority which in substance is sur-reply brief)]. A large amount of authority was tendered by the parties in support of their arguments. To the extent the Order Concerning Remand was based upon lack of personal jurisdiction over JPMC, Defendants fail to meet their burden. However, there is room for a difference of opinion regarding the propriety of implicitly ruling on personal jurisdiction without allowing jurisdictional discovery.

Where, as here, an "important" issue has "polarized" the courts, it is "highly principled" for a district court to certify an issue under section 1292(b). *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864, 866 (5th Cir. 2002). The FDIC's jurisdictional limits is an issue of law, is highly contested, and may greatly impact other and future litigation involving or potentially involving the FDIC. The issue is one of

---

[6] *See In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (Bankr. D. Del. 2008) (Walrath, J.), (*JPMorgan Chase Bank, National Association v. Washington Mutual, Inc. et. al.*, Adv. Proc. No. 09-50551; *Washington Mutual, Inc. et. al. v. JPMorgan Chase Bank, National Association*, Adv. Proc. No. 09-50934).

national importance given the current economic environment, and will be of interest to courts, lawmakers, banking regulators and lawyers throughout the nation.

Section 1292(b) certification should be used to advance the statute's goals of avoiding expense and delay of lengthy litigation by deciding close questions of law at the appellate level. *Ex parte Tokio Marine & Fire Ins. Co.,* 322 F.2d 113, 115 (5th Cir. 1963). Review of the Order Concerning Remand is keeping with the Fifth Circuit's approach. In the event the Court of Appeals concluded, after trial, that federal courts did not have subject matter jurisdiction, the entire matter had to be re-tried in state court. Thus, if the Order Concerning Remand is not reviewed at this juncture under section 1292(b), a substantial amount of time and expense will be wasted litigating in federal court.

## PRAYER

Plaintiffs pray that the Court reconsider its Order Concerning Remand. Plaintiffs further pray that the Court, in the amended order, include findings of fact and conclusions of law, and remand the action to state court. In the alternative, Plaintiffs ask the Court to certify the Order Concerning Remand under 28 U.S.C. § 1292(b).

Respectfully submitted,

GREER, HERZ & ADAMS, L.L.P.

By: *[signature]*
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 1476700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Joseph R. Russo, Jr.
State Bar No. 24002879
Steve Windsor
State Bar No. 21760650
James M. Roquemore
State Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas  77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on September 9, 2009 a copy of the this document was filed with the Court's ECT filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, TX 77010

Jack O'Neill
Ms. Jessie A. Amos
DLA Piper LLP (US)
Chase Tower
600 Travis Street, Suite 1700
Houston, TX 77002-3009

Aaron G. Fountain
DLA Piper LLP (US)
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-7650

_____
James M. Roquemore

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § <br> § <br> § <br> §     CIVIL ACTION NO. 3:09-CV-00044 <br> § <br> § <br> § <br> § <br> § |

## ORDER

Before the Court is Plaintiffs' Motion seeking certification for requesting appeal of the Court's September 2, 2009 Order [Instr. 46] which denied Plaintiffs' Motion for Remand. A district judge may certify an interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b) where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation. *See Rico v. Flores,* 481 F.3d 234, 238 (5th Cir. 2007).

The briefings by the parties demonstrate that the remand decision concerns one or two controlling issues of law upon which there is substantial ground for differences of opinion: (1) whether federal question jurisdiction exists as a result of the FDIC's intervention in a state court proceeding and (2) whether it is proper to deny Plaintiffs' remand motion, based on an implicit finding that the Court may not exercise personal jurisdiction, without allowing Plaintiffs to conduct jurisdictional discovery.

The scope of FDIC jurisdiction clearly falls within this category. The case law tendered with the parties' briefs demonstrates that the specific question presented leaves open a substantial ground for disagreement which has not been resolved by the Fifth Circuit Court of

Appeals. The question of ruling on diversity jurisdiction, implicitly in an order denying remand, without allowing jurisdictional discovery, is also a controlling issue of law where there is substantial ground for differences of opinion.

Probably most important for the parties to this litigation, certification here would advance the statute's goals of avoiding expense and delay of lengthy litigation by deciding close questions of law at the appellate level. *See Ex parte Tokio Marine & Fire Ins. Co.,* 322 F.2d 113, 115 (5th Cir. 1963). In the event the Court of Appeals concluded, after trial, that federal courts did not have subject matter jurisdiction, the entire matter had to be re-tried in state court. Thus, if the Order Concerning Remand is not reviewed at this juncture under section 1292(b), a substantial amount time and expense will be wasted litigating in federal court. It is therefore,

ORDERED that Plaintiffs' Motion for Certification under 28 U.S.C. § 1292(b) is hereby GRANTED;

ORDERED that the Court's Order dated September 3, 2009 [Instr. No. 46] is hereby VACATED; and,

ORDERED that the Court hereby CERTIFIES that the Court is of the opinion that the September 3, 2009 Order meets the criteria specified in 28 U.S.C. § 1292(b).

SIGNED this ____ day of _____, 2009.

                                                        KENNETH M. HOYT
                                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, et al, <br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO., et al. <br> Defendants | § <br> § <br> § <br> §    CIVIL ACTION NO. 3:09-CV-00044 <br> § <br> § <br> § <br> § <br> § |

## ORDER

Before the Court is Plaintiffs' Motion seeking consideration of the Court's September 3, 2009 Order denying remand of the action to state court [Instr. No. 46]. Plaintiffs ask the Court to (1) enter findings of facts and conclusions of law and (2) enter an order remanding the case to the 122nd District Court of Galveston County, Texas. The Court has considered the Motion and the arguments of counsel and finds that the Motion has merit. It is, therefore,

ORDERED that Plaintiffs' Motion for Reconsideration is hereby GRANTED;

ORDERED that the Court's Order dated September 3, 2009 [Instr. No. 46] is hereby VACATED; and,

ORDERED that this cause is REMANDED to the 122nd District Court of Galveston County, Texas.

SIGNED this ____ day of _____, 2009.

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE