UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. G-09-44 |
| FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK, HENDERSON, NEVADA, *et al*, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER TRANSFERING CASE

### I.    INTRODUCTION

Pending before the Court is the intervenor, the FDIC as Receiver for Washington

Mutual Bank's ("WMB"), motion to transfer this case to the District of Columbia (Inst.

#5), the plaintiffs' (an array of Insurance companies) motion to remand this case to state

court (Inst. #10), the defendant, J. P. Morgan Chase & Co.'s ("JPMC") motions to dismiss

for improper venue (Inst. #15) and for lack of personal jurisdiction (Inst. #19), and the

plaintiffs' motion to strike the FDIC - Receiver's response and notice of authority (Inst.

#33).  In addition to the parties' motions, the Court is in receipt of the parties various

responses and replies along with attendant attachments and exhibits.  Having reviewed

the documents and memoranda, the Court determines that:  the motion to remand should

be denied; the motion to transfer should be granted; the motion to strike the FDIC-

Receiver's response and notice of authority should be denied; and, the defendant JPMC's

motions concerning venue and personal jurisdiction are deferred.

## II.    FACTUAL BACKGROUND AND CONTENTIONS

The plaintiffs' argument for dismissing the FDIC-Receiver as a party and remanding this case to state court rests on the resolution of whether the FDIC-Receiver is a proper party, *i.e.,* whether any regulation, order, requirement or agreement issued or made under a statute or executive order is affected by the plaintiffs' claims or the defendant(s) defense to the plaintiffs' claims. *See* [Fed. R. Civ. Pro., Rule 24(b)(2).]

### A.    *The Plaintiffs' Contentions*

The plaintiffs assert that the FDIC-Receiver has no standing in this suit because it has not shown an "interest" in the case or the party/property that is the subject of their suit. This absence of interest in the asserted claims of the plaintiffs is based on the plaintiffs' contention that the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") does not apply to the plaintiffs claims against J.P. Morgan Chase, N.A. ("JPMC Bank"), or its parent holding company, J.P. Morgan Chase & Co. ("JPMC").

### B.    *The FDIC-Receiver's Contentions*

The FDIC-Receiver asserts that it is in fact a proper party to this action because the plaintiffs' state law cause of action is aimed at the WMB's assets that were sold by the FDIC-Receiver. Moreover, the FDIC-Receiver contends the acts and omissions that the plaintiffs complain about are in truth the acts and omissions of the FDIC-Receiver taken after WMB failed as a federally insured financial institution. Hence, it is the acts and omissions of the FDIC-Receiver, it contends, that are being attributed to JPM Bank and its holding company, JPMC.

The FDIC-Receiver points to 12 U.S.C. § 1821(d)(B)(D) as a bar to the plaintiffs' suit. In this regard, the FDIC-Receiver contends that this Court lacks jurisdiction over the plaintiffs' claim or any claim related to the acts or omissions of the FDIC-Receiver. *Id.* Hence, the FDIC-Receiver asserts that FIRREA does apply to the plaintiffs' claim(s) because claims against JPM Bank and its holding company are, in fact, claim(s) that relate to FDIC-Receiver's decision(s) in the handling and administration of WMB's assets - assets that were assigned to the FDIC-Receiver as a result of the WMB receivership.

C.    *The Record Before the Court*

The undisputed evidence shows that JPMC Bank purchased substantially all the assets of WMB, some 253 branches in Texas. The purchase price, according to the plaintiffs, was too low causing the plaintiffs to suffer loss in their holdings of debt issued by WMB and of debt and stock issued by WMB's parent holding company. The evidence also shows that WMB failed as an institution and was taken into receivership, overseen by the FDIC-Receiver, as directed under federal banking law. *See* 12 U.S.C. § 182(d)(6)(A). However, such appointment is subject to review in the federal judicial district of the home office of the institution or the federal district for the District of Columbia. *Id.* at (d)(7).

The record shows, and is undisputed, that on September 25, 2008, the Office of Thrift Supervision ("OTS") closed WMB and appointed a receiver pursuant to 12 U.S.C. § 1821(c)(6)(B). According to the FDIC-Receiver, immediately after WMB was placed in receivership, and the FDIC was appointed Receiver, the FDIC-Receiver sold "substantially all of the assets of WMB, including WMB's thrift subsidiary WMB FSB to JPMC Bank pursuant to a Purchaser and Assumption Agreement on September 25, 2008.

The following day, WMI, the parent of WMB filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the District of Delaware. WMI's bankruptcy proceeding is still pending.

## III.    LEGAL STANDARD AND ANALYSIS

The plaintiffs contend that FIRREA is inapplicable to their claims because their lawsuit is not against the FDIC and thereby subject to § 1821(d)(6)(A). That section provides in relevant part:

> Before the end of the 60-day period beginning on the earlier of --
>
> (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation (FDIC) is receiver; or,
>
> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),
>
> the claimant may request administrative review of the claim . . . or file suit on such claim . . . in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia  . . .

The Court is of the opinion that the plaintiffs' have either misread the statute or, in an effort to craft a suit that avoids the reach of the statute, ignored the "well pleaded complaint rule." *See Franchise Tax Board v. Construction Laborers Vacation Trust*. 463 U.S. 1, (1983). In truth, the plaintiffs' suit is related to the actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2008. In many respects, the plaintiffs' case is not unlike WMI's suit against the FDIC-Receiver that is currently pending in the District Court of the District of

Columbia. *See Washington Mutual, Inc. v. FDIC* [No. 1: 09:cv00533-RMC (DDC, Mar. 20, 2009)].

In that case, as with this case, the FDIC, as receiver for failed institutions, has a right to defend suits against it at specific locations, *i.e.,* the district of the depository institution's principal place of business or in the District of Columbia. *See Hudson United Bank v. Chase Manhattan Bank of Conn.*, 43 F.3d 843, 849 (3rd Cir. 1994).

In the case at bar, the plaintiffs failed to bring their suit in either of the permissible venues. Hence, the suit may be dismissed or transferred to the District when it could have been brought. *See* Fed. R. Civ. Pro., Rule 12(b)(3); *see also* 28 U.S.C. § 1406(a). Section 1406(a) provides that in the event a case is filed in the wrong division or district it shall be dismissed or transferred to the district or division where it could have been brought. The intent of justice dictates that this case be transferred to the district where a like or similar suit is currently pending -- the District of Columbia.

**IV.    CONCLUSION**

In the interest of justice, and to avoid the needless expense of refiling this suit, this case is TRANSFERRED to the federal District Court for the District of Columbia pursuant to 12 U.S.C. § 1821(d)(6)(A) and 28 U.S.C. § 1406(a).

It is so ORDERED.

SIGNED at Houston, Texas this 9th day of September, 2009.

_____
Kenneth M. Hoyt
United States District Judge